KRIST v KRIST

Docket No. 218361. Submitted February 5, 2001, at Detroit. Decided May 15, 2001, at 9:20 A.M.

Beth A. Krist brought an action in the Wayne Circuit Court against Gary Krist, seeking a divorce. The parties reached a settlement regarding several issues and agreed to submit the remaining property division issues to binding arbitration. The settlement agreement provided that there would be no spousal support awarded to either party and spousal support to either party was to be forever barred. The court, Kaye Tertzag, J., entered a judgment of divorce that encompassed the previously settled issues and thereafter entered an order incorporating the arbitrator's award. The defendant appealed from that order, alleging that the arbitrator exceeded his authority and committed errors of law and that the arbitration award should be vacated. The defendant noted that, although the first paragraph of the award provided that neither party would be awarded temporary or permanent alimony and alimony would be forever barred, the award also provided that, in return for the defendant's receiving the bulk of the marital property and his interests resulting from his employment, the defendant had to pay the plaintiff a certain sum of money within forty-five days and that, if the defendant did not make the payment within forty-five days, that amount would be considered spousal support and not dischargeable in bankruptcy.

The Court of Appeals *held*:

1. The allegedly offending paragraph in the award actually provides for a lump-sum payment, i.e., alimony in gross, which is in the nature of a division of property. The arbitrator did not exceed his authority in dividing the parties' property.

2. The arbitrator did not err in employing language characterizing the payment as "spousal support" as a device to frustrate any threatened attempt by the defendant to circumvent what the arbitrator deemed an equitable division of the marital estate by filing for bankruptcy and thereby discharging the obligation owed to the plaintiff.

3. The defendant failed to show that the arbitrator's factual findings were the result of a manifest disregard of the law but for

which the award would have been substantially otherwise. Judicial intervention is not required.

4. The defendant failed to show that the arbitrator committed errors of law.

Affirmed.

1. ARBITRATION — ARBITRATOR'S AUTHORITY.

Arbitrators derive their authority to act from the parties' arbitration agreement and are bound to act within those terms; arbitrators exceed the scope of their authority when they act beyond the material terms of the arbitration agreement or in contravention of controlling principles of law.

2. DIVORCE — DIVISION OF PROPERTY — ALIMONY IN GROSS.

Alimony in gross is not really alimony intended for the maintenance of a spouse, but rather is in the nature of a division of property.

3. ARBITRATION — APPEAL.

Parties are conclusively bound by a binding arbitrator's award absent a showing that the award was procured by duress or fraud, that the arbitrator or another was guilty of corruption or misconduct that prejudiced a party's rights, that the arbitrator exceeded the arbitrator's powers, or that the arbitrator refused to hear material evidence or postpone the hearing on a showing of sufficient cause or conducted the hearing in a manner that substantially prejudiced a party's rights (MCR 3.602).

4. ARBITRATION — APPEAL.

Claims that quarrel with a binding arbitrator's factual findings are not subject to appellate review; only awards that contain an error of law discernible on the face of the award itself, without scrutiny of intermediate mental indicia are reviewable; a party seeking to vacate or modify an arbitrator's award must establish that the arbitrator displayed a manifest disregard of the applicable law, but for which the award would have been substantially otherwise.

*Thomas G. Werner*, for the defendant.

Before: HOOD, P.J., and DOCTOROFF and K. F. KELLY, JJ.

PER CURIAM. During the pendency of this divorce action, the parties settled several issues, including child custody, parenting time, child support, and spousal support matters. The parties agreed to submit

the remaining property division issues to binding arbitration[1]. After the arbitrator submitted his decision, the trial court entered the judgment of divorce encompassing the previously settled issues, but did not incorporate the arbitration award because certain portions needed further clarification. Accordingly, the trial court sent the case back to the arbitrator for clarification and further findings. Thereafter, the trial court issued an order incorporating the binding arbitration decision, as clarified and modified, into the judgment of divorce. Defendant appeals from the order, arguing that the arbitrator exceeded his authority and committed errors of law mandating that this Court vacate the arbitration award. We disagree and affirm.

### A. SPOUSAL SUPPORT

Defendant first argues that the binding arbitration decision contained an award of spousal support in direct contravention of the settlement agreement entered into by the parties, which provided that "[t]here will be no spousal support awarded to either party and spousal support to either party is forever barred." The binding arbitration decision provided:

> In return of Defendant/Husband receiving all of the above described marital property and all interests in his employment at General Motors, the Defendant /Husband shall pay to Plaintiff/Wife $28,500.00 payable within 45 days. *In the event the monies are not paid this amount shall be consid-*

---

[1] The scope of arbitration as defined in the parties' initial agreement to submit certain matters to binding arbitration provides that "[a]ll controversies between the parties concerning property settlement, division of marital assets and marital debts" shall be resolved by the binding arbitrator.

*ered [s]pousal support and non dischargeable in Bank-*
*ruptcy Court.* This Arbitrator took into consideration all
assets as presented by both parties attorneys and all exhib-
its therein. This Arbitrator also took into consideration that
in the event the twin engines are not in fact property of the
Defendant/Husband as he alleges, they still have a fair mar-
ket value in their use while he has had exclusive use of the
1982 Trojan boat and has at times operated a charter fishing
business. [Emphasis added.]

Defendant argues that by characterizing the property
award as spousal support, the arbitrator exceeded his
authority and contravened the settlement agreement.
We disagree.

Arbitrators derive their authority to act from the
parties' arbitration agreement. *Gordon Sel-Way, Inc v
Spence Bros, Inc,* 438 Mich 488, 495; 475 NW2d 704
(1991). "Since arbitrators derive their authority from
the parties' contract and arbitration agreement, they
are bound to act within those terms." *Id.* at 496, citing
*DAIIE v Gavin,* 416 Mich 407, 432; 331 NW2d 418
(1982). As the *Gordon* Court aptly analogized, "the
parties' contract is the law of the case . . . ." *Gordon,
supra* at 496. In fact,

[a]rbitrators exceed the scope of their authority "whenever
they act beyond the material terms of the contract from
which they primarily draw their authority, or in contraven-
tion of controlling principles of law." [*Collins v Blue Cross
Blue Shield of Michigan,* 228 Mich App 560, 567; 579 NW2d
435 (1998), quoting *Gavin, supra* at 434.]

In this case, there is no dispute that the arbitrator
was not empowered to award or otherwise decide the
issue of "spousal support." The parties previously
agreed that spousal support would not be awarded
and would be forever barred. In this regard, defen-

dant correctly argues that once a divorce judgment provides that no alimony shall be paid and is barred, the judgment cannot be subsequently modified to require one party to pay alimony to the other absent a showing of fraud. *Copeland v Copeland*, 109 Mich App 683, 686-687; 311 NW2d 452 (1981) (stating that "where . . . the judgment of divorce provided that no alimony shall be paid, the decree cannot be modified to require one party to contribute toward the maintenance of the other"); see also *Staple v Staple*, 241 Mich App 562, 568; 616 NW2d 219 (2000) (wherein this Court indicated that parties to a divorce may stipulate and agree to waive their statutory right to petition the court for a modification in alimony where the parties' intent is clear that the alimony provision in a judgment of divorce is "final, binding, and thus nonmodifiable").

This statement of law, however, does not precisely resolve the issue sub judice. The parties' settlement agreement was placed on the record on August 1, 1997. During those proceedings, both parties agreed that "[t]here will be no spousal support awarded to either party and spousal support to either party is forever barred." When the arbitrator issued his binding decision respecting the parties' settlement agreement, the very first paragraph of the award provided that "[n]either party shall be awarded temporary or permanent alimony and alimony shall be forever barred." Thereafter, the arbitrator gave defendant the marital property and all interest in his employment at General Motors and in consideration thereof, defendant had to pay plaintiff the sum of $28,500 within forty-five days. Further, the binding award stated that if the defendant did not pay plaintiff the $28,500 within

forty-five days, the "amount shall be considered [s]pousal support and non dischargeable in Bankruptcy Court."

At first blush, these two provisions appear incongruent. However, the apparent ambiguity is clarified when the difference between "alimony in gross" and "periodic alimony" is fully appreciated. (See *Pinka v Pinka*, 206 Mich App 101, 105-106; 520 NW2d 371 (1994), wherein the Court noted that "[a]ll too often" parties do not know the difference between alimony in gross and periodic alimony, nor do they clearly understand how to express their intentions in a judgment of divorce.) In *Staple, supra* at 566, the Court stated that "alimony in gross is not really alimony intended for the maintenance of a spouse, but rather *is in the nature of a division of property*." By contrast, periodic spousal support payments are designed to ensure the maintenance of a spouse for a period after the divorce.

In the case at bar, the parties clearly agreed that neither party was entitled to temporary or permanent alimony and that "alimony shall be forever barred." However, the parties did agree to submit the division of property to arbitration for a binding decision. That said, the offending paragraph in the arbitration decision is actually a provision providing for a lump-sum payment, i.e., "alimony in gross," which is "in the nature of a division of property." *Id.* at 566. A review of the record reveals that the arbitrator did not award periodic spousal support, or otherwise provide for alimony of that nature, and, in fact, understood that alimony was not to be awarded pursuant to the parties' agreement. Accordingly, we find that the arbitrator did not exceed his authority granted by virtue of the

agreement to arbitrate when dividing the parties' property. Thus, it is well within the purview of and completely consistent with the parties' binding arbitration agreement and settlement agreement.

### B. NONDISCHARGEABILITY OF SPOUSAL SUPPORT

During the course of the proceedings, defendant allegedly threatened to file bankruptcy to ensure plaintiff received nothing from the marital estate. The arbitrator gave the defendant the bulk of the marital estate and, in consideration thereof, gave the plaintiff a sum certain. Thus, to protect the award, the arbitrator provided that if the monies are not paid, then "this amount [$28,500 awarded to wife] shall be considered [s]pousal support and non dischargable in Bankruptcy Court." Contrary to defendant's argument that this statement indicates that the arbitrator exceeded his authority by "[a]rbitrat[ing] bankruptcy issues," the language employed in the arbitrator's award was a mechanism to ensure that defendant husband did not obtain the lion's share of the marital estate and then subsequently discharge his obligation to plaintiff after the judgment of divorce was entered. The arbitrator specifically discussed his characterization of the property settlement as "spousal support" as a device to frustrate any attempt by the defendant to circumvent what the arbitrator deemed an equitable division of the marital estate by filing for bankruptcy and thereby discharging the obligation owed to plaintiff. In other words, if the defendant did not satisfy the obligation, then the amount awarded would be

deemed to be in the nature of support and thus not dischargeable in bankruptcy.[2] We find no error.

### C. THE ARBITRATOR'S FACTUAL FINDINGS

Defendant next argues that the arbitrator valued assets that did not exist and overvalued assets that did exist. Judicial review of a binding arbitrator's award is strictly limited by statute and court rule. See *Konal v Forlini*, 235 Mich App 69; 596 NW2d 630 (1999); *Dick v Dick*, 210 Mich App 576; 534 NW2d 185 (1995). Pursuant to MCR 3.602, parties are conclusively bound by a binding arbitrator's decision absent a showing

> that the award was procured by duress or fraud, that the arbitrator or another is guilty of corruption or misconduct that prejudiced the party's rights, that the arbitrator exceeded his powers, or that the arbitrator refused to hear material evidence, refused to postpone the hearing on a showing of sufficient cause, or conducted the hearing in a

---

[2] The applicable portion of the federal Bankruptcy Code is 11 USC 523(a)(5)(B), which provides in pertinent part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\*     \*     \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree . . . or property settlement agreement, but not to the extent that—

\*     \*     \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support. [Emphasis added.]

manner that substantially prejudiced a party's rights. [*Konal, supra* at 75.]

Claims that quarrel with a binding arbitrator's factual findings are not subject to appellate review. *Id.* A reviewing court has three options when a party challenges an arbitration award: (1) confirm the award, (2) vacate the award if obtained through fraud, duress, or other undue means, or (3) modify the award or correct errors that are apparent on the face of the award. *Id.* at 74.

In *Gavin,* our Supreme Court announced that only those awards that contain an error of law discernible on the face of the very award itself are reviewable.[3] To that end, the *Gavin* Court stated that "[i]t is only the kind of legal error that is evident without scrutiny of intermediate mental indicia which remains reviewable . . . ." *Garvin, supra* at 429. Thus the party seeking to vacate or modify an arbitrator's award must establish that the arbitrator displayed a manifest disregard of the applicable law "but for which the award would have been substantially otherwise." *Id.* at 443.

Applying those principles to the case at bar mandates that this Court confirm the arbitrator's award. The errors that defendant alleges would require this Court to look beyond the four corners of the document and try to discern the arbitrator's "mental path leading to [the] award." *Id.* at 429. Defendant basically quarrels with how the arbitrator valued certain

---

[3] In *Gavin,* it was clear on the face of the arbitrator's award that the arbitrator disregarded the antistacking provisions of the applicable insurance contracts because both the awards at issue exceeded the applicable $20,000 policy limits. Thus, the Court in *Gavin* did not need to go beyond the four corners of the document and dissect the arbitrator's thought process to reveal an error.

assets during the arbitration proceedings. This is a far cry from the "manifest disregard of the law" standard articulated in *Gavin*. Accordingly, we decline to vacate or otherwise modify the binding arbitrator's award.[4]

### D. ERRORS OF LAW

Finally, defendant claims that the arbitrator committed errors of law, which, according to defendant, mandates that this Court vacate the arbitration award. We disagree. We find defendant's argument that the arbitrator failed to distinguish between marital property and individual property to be disingenuous. The arbitrator specifically gave defendant certain property and stated that in return for his receiving the "above described marital property," he had to provide a lump-sum payment to plaintiff. This shows that the arbitrator considered and subsequently determined that the property described in the award was marital in character and, thus, subject to division. We will not review defendant's argument that the property about which defendant complains was his sole individual property and was not marital property. The arbitrator made his factual findings, and this Court will not disturb those factual determinations on the record submitted. *Konal, supra* at 75.

---

[4] Defendant also argues that this Court can review arbitration decisions for arbitrariness, fraud, or corruption. Defendant does not, however, set forth his claim of fraud with ample specificity or otherwise offer any facts to support that the arbitrator was arbitrary, capricious, or corrupt when making his determinations. Defendant's complaints, in their entirety, indicate only that he disagrees with the arbitrator's findings and decision and wants relief therefrom. As previously discussed, on the facts here presented, defendant's prayer for relief cannot be countenanced by this Court.

Defendant points to MCL 552.401 and MCL 552.23, arguing that the arbitrator violated Michigan law. MCL 552.23 does not apply to the instant case.[5] In addition, defendant also argues that the arbitrator violated MCL 552.401, but fails to adequately explain his position. To the extent that defendant cites MCL 552.401 for the proposition that the arbitrator erroneously characterized individual property as part and parcel of the marital estate, defendant again invites this Court to review the arbitrator's factual findings that are beyond the scope of judicial review. *Konal, supra* at 75. Accordingly, we decline the invitation.

### E. CONCLUSION

Defendant seeks judicial review of an award rendered pursuant to a binding arbitration agreement. On the record before us, defendant has neither satisfied the exacting "manifest disregard of the law" standard required for judicial intervention nor identified an error " 'so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise.' " *Gordon, supra* at 497, quoting *Gavin supra,* at 443. The finality obtained as a result of the award pursuant to binding arbitration must be preserved. Accordingly, we affirm.

Affirmed.

---

[5] The statute cited by defendant merely bestows on the trial court the ability to award alimony or alimony in gross out of either party's real or personal estate if the marital estate is not sufficient to provide for suitable support and maintenance of either party or any children born of the marriage as the court considers "just and reasonable." Further, that statute provides that if one of the parties receives public assistance, any money obtained from the obligor will be directly transmitted to the Department of Social Services for reimbursement purposes. Finally, that statute delineates the fees charged for handling alimony or support money payments to reimburse the county.