WASHINGTON v WASHINGTON

Docket No. 281174. Submitted March 4, 2009, at Detroit. Decided May 12, 2009, at 9:15 a.m.

Phillip Washington obtained a divorce from Alicia Washington in the Oakland Circuit Court, Family Division, Cheryl A. Matthews, J., which entered a judgment that incorporated an arbitration award on the division of marital property. The court denied a motion by the defendant to set aside, vacate, or modify the arbitration award. The defendant appealed.

The Court of Appeals *held*:

1. MCL 600.5081(2) provides four limited circumstances under which a reviewing court may vacate a domestic relations arbitration award. One of them is when an arbitrator exceeded his or her powers. MCL 600.5081(2)(c).

2. An arbitrator exceeds his or her powers when the arbitrator acts beyond the material terms of the arbitration agreement or acts contrary to controlling law. Any error of law must be discernible on the face of the arbitration award and must be so substantial that, but for the error, the award would have been substantially different.

3. The defendant argued that the arbitration award in this case was facially inequitable and therefore contrary to Michigan law. However, an equitable distribution of marital property need not be an equal distribution as long as there is, as in this case, an adequate explanation for the chosen distribution. The arbitrator in this case applied controlling law when dividing marital property and did not exceed his powers.

Affirmed.

1. DIVORCE — MARITAL PROPERTY — ARBITRATION — DOMESTIC RELATIONS ARBITRATION.

A domestic relations arbitration award may be vacated by a reviewing court if the arbitrator exceeded his or her powers; an arbitrator exceeds his or her powers when the arbitrator acts beyond the material terms of the arbitration agreement or acts contrary to controlling law; any error of law must be discernible on the face of

the arbitration award and must be so substantial that, but for the error, the award would have been substantially different (MCL 600.5081[2]).

2. DIVORCE — MARITAL PROPERTY — EQUITABLE DISTRIBUTION.

An equitable distribution of marital property need not be an equal distribution as long as there is an adequate explanation for the chosen distribution.

*Allan Falk, P.C.* (by *Allan Falk*), for the plaintiff.

*Judith A. Curtis* for the defendant.

Before: MURRAY, P.J., and GLEICHER and M. J. KELLY, JJ.

MURRAY, P.J. Defendant appeals as of right the trial court's judgment of divorce entered after a partial settlement and subsequent arbitration award on the division of marital property. On appeal, defendant challenges the trial court's denial of her motion to set aside, vacate, or modify the arbitration ruling as being inconsistent with Michigan law. For the following reasons, we affirm.

I. FACTS AND PROCEEDINGS[1]

On August 18, 2004, and after a marriage of approximately 14 years, plaintiff filed a complaint to obtain a divorce from defendant. Less than four months later, the parties reached a partial settlement through mediation. The settlement resolved issues of custody, parenting time, spousal support, and the sale of the marital home. According to the written settlement agreement, plaintiff was ordered to pay defendant $33,500 a year,

[1] Our recitation of the facts is more detailed than necessary to resolve the issues presented. Nonetheless, we have provided this detail to give context to the case and our decision.

for four years, in non-modifiable spousal support. Further, the parties agreed to joint custody over the children, with plaintiff paying $2,897 a month in child support.

At the same time, the parties entered into an arbitration agreement to resolve the division of property, debts, and any unresolved issues flowing from the settlement agreement.[2] The parties selected the arbitrator and eventually proceeded to an arbitration hearing. On December 19, 2006, the arbitrator submitted his arbitration ruling.[3] The arbitrator determined that the fair market value of plaintiff's dental practice was $165,000. He also determined that because plaintiff would be paying spousal and child support out of the earnings that made up a portion of the fair market value of the business, dividing the business at full value would constitute "double-dipping" into plaintiff's future earnings. As a result, the arbitrator valued the practice, for the purposes of the division of property, at $99,000 and awarded the practice to plaintiff.

Next, the arbitrator determined that the property on which the practice was located should also be valued using a fair market value approach, a fact agreed to by both real estate experts. After a discussion of a separate offer to purchase the building and the complicating consequences from the offer, the arbitrator valued the property at $123,000 (the fair market value offered by defendant's expert), minus the $47,000 outstanding mortgage balance, and awarded it to plaintiff.

---

[2] The parties also simultaneously signed an "Acknowledgment of Domestic Relations Arbitration Information," seeking to comply with MCL 600.5072(1).

[3] The arbitrator had previously submitted a ruling on personal property issues, and that ruling is not a subject of this appeal.

The arbitrator also awarded defendant one car worth $14,000 and plaintiff two cars worth $31,000 and $12,000, respectively. The amount receivable from plaintiff's loan to his sister was awarded to plaintiff. The economic damages ($50,000) flowing from defendant's personal injury settlement were considered marital property subject to division, while the noneconomic damages ($212,500) were considered defendant's separate property. Further, a play structure and furniture for the children, worth $13,600, were awarded to defendant. All other bank accounts were divided evenly. Plaintiff retained $18,000 in credit card debt and defendant retained $61,000 in credit card debt.

The arbitrator stated that the total value of assets awarded to defendant was $177,428 less than that awarded to plaintiff, but that this division of property was equitable for two reasons. First, he determined that $80,555 of the home improvement expenses made by defendant using the home equity line of credit was "less than necessary and beyond that which the parties could afford." As such, he concluded that these expenses were defendant's "separate responsibility" and that the remainder of the expenses were "joint in nature." Second, he concluded that, with respect to defendant's personal injury settlement "a portion of [defendant's] separate property shall be taken into consideration in the overall award." The arbitrator opined that, taking these issues into consideration, the division of property was equitable, even if it was not equal.

Defendant then filed with the trial court a motion to set aside, vacate, or modify the arbitration award. Defendant argued that the arbitrator exceeded his powers and showed partiality against her and that the award was issued beyond the time limits afforded by statute. After a hearing, the court ruled that there was

no basis under MCL 600.5081 to set aside the award, and it denied the motion. The trial court therefore entered a judgment of divorce that included the division of property determined by arbitration.

## II. ANALYSIS

This Court reviews de novo a trial court's ruling on a motion to vacate or modify an arbitration award. *Tokar v Albery*, 258 Mich App 350, 352; 671 NW2d 139 (2003). This means that we review the legal issues presented without extending any deference to the trial court. *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 714 n 33; 624 NW2d 443 (2000).

Judicial review of arbitration awards is usually extremely limited, *Konal v Forlini*, 235 Mich App 69, 74; 596 NW2d 630 (1999),[4] and that certainly is the case with respect to domestic relations arbitration awards. Through MCL 600.5081(2), the Michigan Legislature has provided four very limited circumstances under which a reviewing court may vacate a domestic relations arbitration award:

(a) The award was procured by corruption, fraud, or other undue means.

(b) There was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights.

(c) The arbitrator exceeded his or her powers.

(d) The arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence ma-

---

[4] Indeed, as the United States Court of Appeals for the Sixth Circuit declared, "[a] court's review of an arbitration award 'is one of the narrowest standards of judicial review in all of American jurisprudence.' " *Way Bakery v Truck Drivers Local No 164*, 363 F3d 590, 593 (CA 6, 2004), quoting *Tennessee Valley Auth v Tennessee Valley Trades & Labor Council*, 184 F3d 510, 514 (CA 6, 1999).

terial to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

MCL 600.5081(2)(c), "the arbitrator exceeded his or her powers" provision, is the codification of a phrase used for many years in common-law and statutory arbitrations. Indeed, our Court has repeatedly stated that "arbitrators have exceeded their powers whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *Dohanyos v Detrex Corp (After Remand)*, 217 Mich App 171, 176; 550 NW2d 608 (1996); see also *Miller v Miller*, 474 Mich 27, 30; 707 NW2d 341 (2005), and *Krist v Krist*, 246 Mich App 59, 62; 631 NW2d 53 (2001). Pursuant to MCL 600.5081(2)(c), then, a party seeking to prove that a domestic relations arbitrator exceeded his or her authority must show that the arbitrator either (1) acted beyond the material terms of the arbitration agreement or (2) acted contrary to controlling law.

Whether an arbitrator exceeded his or her authority is also reviewed de novo. *Miller, supra* at 30. A reviewing court may not review the arbitrator's findings of fact, *Detroit Automobile Inter-Ins Exch v Gavin*, 416 Mich 407, 429; 331 NW2d 418 (1982); *Krist, supra* at 67, and any error of law must be discernible on the face of the award itself, *Gavin, supra* at 428-429. By "on its face" we mean that only a legal error "that is evident without scrutiny of intermediate mental indicia," *id.* at 429, will suffice to overturn an arbitration award. Courts will not engage in a review of an "arbitrator's 'mental path leading to [the] award.' " *Krist, supra* at 67, quoting *Gavin, supra* at 429. Finally, in order to vacate an arbitration award, any error of law must be "so substantial that, but for the error, the award would have been substantially different." *Collins v Blue Cross*

*Blue Shield of Michigan*, 228 Mich App 560, 567; 579 NW2d 435 (1998), citing *Gordon Sel-Way v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991).

Defendant's primary argument is that the arbitration award was facially inequitable—and therefore contrary to Michigan law and the arbitration agreement[5]— because she received one-quarter of the marital assets and three-quarters of the marital debts. Whether this division of property is in contravention of Michigan divorce law requires us to review the controlling principles governing property distribution upon divorce. The goal behind dividing marital property is to reach an equitable distribution in light of all the circumstances. *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008). However, an equitable distribution need not be an equal distribution, as long as there is an adequate explanation for the chosen distribution. *Id.* at 717, citing *McNamara v Horner*, 249 Mich App 177, 188; 642 NW2d 385 (2002), and *Gates v Gates*, 256 Mich App 420, 423; 664 NW2d 231 (2003). See also *Ackerman v Ackerman*, 163 Mich App 796, 807; 414 NW2d 919 (1987) (A property award "need not be equal, it need only be equitable."). As a result, an unequal division in the range of 70 percent to 30 percent is not contrary to Michigan law as long as it is based on appropriate criteria. *Berger, supra* at 718-722. And, as a corollary to that, there is no Michigan statute or caselaw that precludes outright a substantial deviation from numerical equality in a property distribution award.

Assuming defendant's arithmetic is correct, there is no basis on the face of the award to conclude that the

---

[5] The arbitration agreement states that the "parties agree to be guided by the laws of the state of Michigan during the arbitration process and also agree that the Rules of Evidence may be applied or relaxed at the discretion of the Arbitrator."

arbitrator's award was in contravention of controlling law. The arbitrator recognized the foregoing principles of Michigan divorce law and applied that law to the facts as he found them. Once we are satisfied that the arbitrator applied the controlling law, our review is complete absent some error appearing on the face of the award. But here no such error exists. Indeed, the opinion and award reveals that the arbitrator addressed the unequal award by stating that "[defendant] dissipated assets both through credit card spending and the use of the home equity, at an unreasonable rate, and well beyond that at which [plaintiff] dissipated assets." He concluded that it was difficult to determine the exact amount of defendant's unreasonable spending, but that it was "well in excess of $100,000" and that the award, therefore, was equitable. Again, whether that factual conclusion was correct is outside our review. But, because Michigan law permits deviations beyond a purely even distribution, the arbitrator did not exceed his authority. *Gavin, supra* at 429; *Krist, supra* at 67. Additionally, once we have recognized that the arbitrator utilized controlling law, we cannot review the legal soundness of the arbitrator's application of Michigan law. *Krist, supra* at 67.

Thus, although defendant argues that the arbitrator erred by considering in the division of marital property part of the noneconomic damages obtained from her personal injury settlement received during the pendency of the divorce, we are only concerned with whether the arbitrator recognized the controlling law. Here, while noneconomic damages are ordinarily considered separate property, they are available for distribution as a marital asset in order to ensure an equitable distribution of property. *Stoudemire v Stoudemire*, 248 Mich App 325, 339; 639 NW2d 274 (2001).

In conclusion, there is nothing on the face of the arbitrator's award that evinces an error of law. The arbitrator explicitly considered the parties' arguments and evidence, and based his decision on the controlling legal factors pertaining to the equitable division of property. Because a reviewing court is limited to examining the face of an arbitration ruling, there is no basis for concluding that the arbitrator exceeded his authority in issuing this particular award. *Gavin, supra* at 429; *Krist, supra* at 67.

Defendant also argues that the arbitrator erred in his valuations of most of the parties' assets. While defendant argues that the arbitrator's mistakes render the award facially inequitable, we are mindful that

> an allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrator's decision. Stated otherwise, courts may not substitute their judgment for that of the arbitrators and hence are reluctant to vacate or modify an award . . . . [*Gordon Sel-Way, supra* at 497.]

The trial court was not required or authorized to review the arbitrator's findings of fact, and neither is this Court. It is simply outside the province of the courts to engage in a fact-intensive review of how an arbitrator calculated values, and whether the evidence he relied on was the most reliable or credible evidence presented. *Krist, supra* at 67-68.

In the same vein, defendant argues that the arbitrator misapplied the factor of fault in the property award. For example, defendant argues that the arbitrator put too much weight on her own conduct and not enough on plaintiff's conduct. Although the arbitrator concluded that defendant's reckless spending justified in part an unequal property division, fault is clearly a proper

factor to consider in the division of marital property. *McDougal v McDougal*, 451 Mich 80, 89; 545 NW2d 357 (1996); *Berger*, *supra* at 717. This is particularly true in a case like this where, unlike in *Berger*, the fault was directly related to the parties' assets and debts. In making this argument, defendant also resorts to rearguing the substantive factual questions already put before and decided by the arbitrator, and a court is the wrong forum for that.[6] Hence, because of the limited standard of review, we reject defendant's numerous attacks on the arbitrator's valuations, calculations, and similar factual findings.

Plaintiff may tax costs as prevailing party. MCR 7.219(A).

Affirmed.

---

[6] Defendant also argues that the arbitrator violated MCL 600.5078(1) by not issuing his ruling within 60 days after the arbitration hearing. Defendant has not, however, alleged on appeal what substantial difference would have resulted from a timely arbitration ruling. *Collins*, *supra* at 567. Further, there is nothing in the record to indicate that the arbitrator's delay had any effect on the property division in the arbitration ruling. Thus, the trial court did not err by denying defendant's motion on this ground.