# STATE OF MICHIGAN

# COURT OF APPEALS

---

NEJLA ISRAEL,

       Plaintiff/Counterdefendant/
       Intervening Defendant-Appellant,

v

RAMIZ PUTRUS and NAJAH PUTRUS,

       Defendants/Counterplaintiffs/
       Third-Party Plaintiffs-Appellees,

and

FOUAD ZORA,

       Third-Party Defendant,

and

BI-COUNTY MEDICAL CENTER, P.C., and
UNIVERSAL URGENT CARE, P.C.,

       Intervening Plaintiffs.

UNPUBLISHED
November 4, 2014

No.   316249
Macomb Circuit Court
LC No.   2011-002782-CB

---

Before:  CAVANAGH, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals by right the circuit court's order of April 29, 2013, confirming the arbitration award and denying plaintiff's motion to vacate the arbitration award. We affirm but remand for a determination of the actual damages arising from this vexatious appeal pursuant to MCR 7.216(C).

I

Dr. Nejla Israel ("plaintiff") practiced medicine and was in business with Dr. Ramiz Putrus ("Ramiz") and his wife Dr. Najah Putrus ("Najah") (collectively "defendants"). Plaintiff and Ramiz were the co-owners of two medical clinics: Universal Urgent Care, P.C., and Bi-County Medical Center, P.C. Plaintiff and Ramiz each owned 50 percent of the outstanding common stock of each professional corporation. However, pursuant to a written agreement

between plaintiff and Ramiz dated August 1, 2008, Ramiz possessed 51 percent of the voting power of the two entities.

Plaintiff alleged that, beginning in late 2008 and continuing into 2009, defendants embezzled more than $300,000 from the professional corporations and converted these funds to their own personal use. On July 12, 2011, plaintiff sued defendants for conversion in the Macomb Circuit Court. Plaintiff asserted that defendants had engaged in either embezzlement or statutory conversion, and that she was therefore entitled to treble damages pursuant to MCL 600.2919a(1). Plaintiff also set forth a shareholder-oppression claim under MCL 450.1489, asserting that defendants had engaged in illegal, fraudulent, or willfully unfair and oppressive conduct. Among other things, plaintiff sought dissolution and liquidation of the assets of the two professional corporations.

On August 23, 2011, defendants answered the complaint and set forth counterclaims of breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, common-law conversion, statutory conversion, unjust enrichment, and tortious interference with a business relationship or expectancy. Defendants also sought an accounting and set forth a shareholder-oppression claim under MCL 450.1489. In addition, defendants filed a third-party complaint, setting forth similar third-party claims against plaintiff's husband, Fouad Zora ("Zora").

On August 24, 2011, Universal Urgent Care, P.C., and Bi-County Medical Center, P.C., sought leave to intervene as plaintiffs. Their motion to intervene was ultimately granted. The professional corporations set forth claims against plaintiff and Zora that were largely identical in substance to defendants' counterclaims and third-party claims.

On September 16, 2011, defendants and intervening plaintiffs moved for partial summary disposition, arguing that all parties had sought dissolution of the two professional corporations and requesting that the circuit court immediately dissolve the entities. The circuit court granted the motion and entered an order dissolving the two professional corporations. The matter then proceeded with respect to the parties' remaining claims.

After several adjournments, the entry of protective orders, the filing of certain motions to compel discovery, and the entry of several other pretrial orders, the parties entered into an agreement to submit their claims to binding arbitration on May 10, 2012. On June 8, 2012, the circuit court entered an order staying all further proceedings pending the completion of binding arbitration proceedings and the issuance of the arbitrators' final award. On November 2, 2012, pursuant to a stipulated order, the parties agreed to dismiss Najah and Zora from the action and also dismissed certain claims and counterclaims in advance of the commencement of arbitration proceedings.

Under the arbitration agreement, dated May 10, 2012, the parties agreed to submit their dispute to a panel of three arbitrators. By their agreement, the parties stipulated that the arbitration panel would determine the amount of money in dispute and all other questions of fact. The parties further agreed that the arbitrators' award would be final and binding.

-2-

The arbitration panel held hearings in November and December 2012. The panel issued its unanimous, final award on December 20, 2012. The arbitrators determined that plaintiff was entitled to an award of $284,900, and that Ramiz was entitled to an award of $14,300. The $284,900 awarded to plaintiff consisted of (1) funds due to plaintiff that had been deposited into the wrong account, (2) overpayments by plaintiff for rent, property taxes, and other operating expenses, (3) improper salary payments to third parties made without plaintiff's knowledge, and (4) legal fees paid to Ramiz in connection with this matter. The arbitrators specifically determined that there was no evidence of embezzlement or shareholder oppression by Ramiz, and therefore awarded plaintiff "Zero Dollars" on her corresponding embezzlement and shareholder-oppression claims.

The arbitration panel issued a unanimous "Clarification of Final Award of Arbitrators" on February 7, 2013. In response to a request for clarification submitted by plaintiff, the arbitrators explained that plaintiff was not entitled to treble damages or attorney fees under MCL 600.2919a because there had been "insufficient evidence to sustain a claim of [statutory] conversion." In response to a subsequent request for clarification submitted by plaintiff, the arbitrators unanimously clarified, among other things, the manner in which funds were to be distributed from certain existing reserve accounts to satisfy the award.

On April 5, 2013, plaintiff filed a motion in the Macomb Circuit Court seeking to vacate or modify the arbitration award under MCR 3.602(J) and (K). Plaintiff argued that the arbitrators exceeded their powers or, alternatively, miscalculated the figures in determining their final award. Plaintiff claimed that Ramiz had engaged in embezzlement or statutory conversion and that she was therefore entitled to treble damages under MCL 600.2919a. Plaintiff also argued that the arbitrators had erred by finding no evidence of shareholder oppression and by failing to award her costs and reasonable attorney fees.

Ramiz responded by arguing, among other things, that plaintiff's motion to vacate the arbitration award was untimely because it had been submitted more than 91 days after issuance of the final award. See MCR 3.602(J)(3). Ramiz also argued that plaintiff was impermissibly seeking to revisit the factual determinations of the arbitrators. Ramiz requested that the circuit court confirm the arbitration award pursuant to MCR 3.602(I).

On April 29, 2013, the circuit court held oral argument. Plaintiff's attorney argued that the arbitrators exceeded their authority and made an error of law by failing to award plaintiff treble damages under MCL 600.2919a. The circuit court pointed out that the arbitrators had specifically found that there was no embezzlement or statutory conversion within the meaning of MCL 600.2919a, and observed that it was within the arbitrators' purview to make such factual determinations. Plaintiff's counsel disagreed, insisting that "these people didn't have carte blanche to just throw numbers around." Counsel insisted that because plaintiff's claim had been pleaded under MCL 600.2919a, the arbitrators were required to award treble damages, costs, and attorney fees.

Counsel for Ramiz responded by pointing out that the arbitrators had concluded that there was no embezzlement, statutory conversion, or shareholder oppression. Counsel further argued that even if his client had committed statutory conversion or embezzlement, the award of treble damages, costs, and attorney fees under MCL 600.2919a was discretionary with the arbitrators.

-3-

The circuit judge noted that he "was satisfied that [the arbitrators] acted within their authority." The court also observed that plaintiff's motion to vacate the arbitration award had been filed more than 91 days after the issuance of the final award. The court then stated that "even if [plaintiff was] not late in filing, the Court is satisfied that [the arbitrators] acted appropriately and the decision did not exceed their authority." The circuit court remarked that it would confirm the award.

Following the hearing of April 29, 2013, the circuit court entered an order (1) denying plaintiff's motion to vacate the award as untimely, and (2) ruling that the arbitrators had not made an error of law. In that same order, the circuit court confirmed the final arbitration award, as clarified by the arbitration panel. On June 3, 2013, the circuit court entered an order staying all distributions under the arbitration award pending the outcome of this appeal.

II

Judicial review of an arbitration award is very limited. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). We review de novo the circuit court's decision to confirm, modify, or vacate an arbitration award. *Nordlund & Assoc, Inc v Hesperia*, 288 Mich App 222, 226; 792 NW2d 59 (2010); *Tokar v Albery*, 258 Mich App 350, 352; 671 NW2d 139 (2003). We also review de novo whether the arbitrators exceeded their authority. *Washington*, 283 Mich App at 672.

Factual findings by the arbitrators are not subject to judicial review. *Krist v Krist*, 246 Mich App 59, 67; 631 NW2d 53 (2001); *Konal v Forlini*, 235 Mich App 69, 75; 596 NW2d 630 (1999). Decisions within the arbitrators' discretion are similarly beyond the scope of judicial review. *Iron Co v Sundberg, Carlson & Associates, Inc*, 222 Mich App 120, 126; 564 NW2d 78 (1997). We review de novo the proper interpretation and application of the court rules. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

III

As a preliminary matter, we conclude that plaintiff's motion to vacate the arbitration award was properly denied as untimely. The arbitrators' final award was originally issued on December 20, 2012. Plaintiff submitted requests for clarification on January 9, 2013, and January 11, 2013. Neither request for clarification was submitted within 14 days of the original final award. Accordingly, neither request for clarification constituted a proper "motion to correct errors or omissions" under MCL 600.5078(3). *Vyletel-Rivard v Rivard*, 286 Mich App 13, 24; 777 NW2d 722 (2009). Because neither request for clarification constituted a proper "motion to correct errors or omissions" under MCL 600.5078(3), plaintiff had no legal authority to file these requests for clarification. *Vyletel-Rivard*, 286 Mich App at 24. Therefore, neither request extended the running of the 91-day period prescribed by MCR 3.602(J)(3). See *Vyletel-Rivard*, 286 Mich App at 24-25. The circuit court properly denied plaintiff's motion to vacate the arbitration award as untimely. MCR 3.602(J)(3); see also *Vyletel-Rivard*, 286 Mich App at 24-25.

Plaintiff argues that the arbitrators exceeded their authority and committed errors of law by (1) refusing to treble plaintiff's damages, (2) failing to award plaintiff her costs and

-4-

reasonable attorney fees, (3) failing to find that plaintiff was oppressed as a shareholder, and (4) evidently miscalculating the figures in determining their final award. As already explained, the circuit court was required to deny plaintiff's motion to vacate the arbitration award because it was untimely filed. See MCR 3.602(J)(3); *Vyletel-Rivard*, 286 Mich App at 24-25. However, even if plaintiff's motion had been timely, plaintiff's arguments are entirely meritless.

As this Court has previously held, the decision to award treble damages, costs, and attorney fees for statutory conversion or embezzlement under MCL 600.2919a is entirely discretionary. *Aroma Wines & Equipment, Inc v Columbia Distribution Services, Inc*, 303 Mich App 441, 449; 844 NW2d 727 (2013). Discretionary decisions by the arbitrators are beyond the scope of judicial review. *Iron Co*, 222 Mich App at 126. In addition, this Court lacks the authority to review the arbitrators' factual finding that no embezzlement, statutory conversion, or shareholder oppression was committed in this case. *Krist*, 246 Mich App at 67; *Konal*, 235 Mich App at 75.

Plaintiff's claim that the arbitrators evidently miscalculated the figures in determining their final award is merely a restatement of her earlier argument that the arbitrators should have trebled her damages. Indeed, plaintiff makes very little effort to conceal the true substance of this argument, stating in her brief on appeal that "[t]he award contains an evident miscalculation of figures which can be corrected by simply multiplying the sum [awarded] by the statutorily mandated triple." As already explained, the award of treble damages under MCL 600.2919a is not "statutorily mandated" as plaintiff argues, but is purely discretionary. *Aroma Wines*, 303 Mich App at 449. We perceive no error in the circuit court's denial of plaintiff's motion to vacate or modify the arbitration award; the court properly confirmed the award.

IV

The instant appeal is wholly devoid of legal merit. Plaintiff has done nothing but challenge the arbitrators' discretionary decisions and factual determinations. Such decisions and determinations are unreviewable by this Court, as plaintiff's appellate attorneys certainly knew at the time they filed this appeal on plaintiff's behalf. Plaintiff and her attorneys had no reasonable basis to believe that there were any meritorious issues to be determined on appeal. See MCR 7.216(C)(1)(a). Therefore, on our own initiative, we award defendants their actual damages incurred as a result of this vexatious appeal. MCR 7.216(C)(1). This includes the actual costs and expenses incurred by defendants as a result of this appeal, including their reasonable appellate attorney fees. MCR 7.216(C)(2). We remand to the circuit court for a determination of the actual damages attributable to the conduct of plaintiff and her attorneys. MCR 7.216(C)(2). These actual damages are awarded against plaintiff and her appellate attorneys. *Cvengros v Farm Bureau Ins*, 216 Mich App 261, 269; 548 NW2d 698 (1996).

V

Plaintiff's motion to vacate the arbitration award was properly denied as untimely. Even if her motion had been timely filed, plaintiff may not attack the arbitrators' discretionary decisions and factual findings on appeal. We affirm the circuit court's order confirming the arbitration award and denying plaintiff's motion to vacate. We remand to the circuit court for a determination of the actual damages payable to defendants as a result of this vexatious appeal.

-5-

Affirmed but remanded for a determination of the actual damages arising from this vexatious appeal pursuant to MCR 7.216(C). We do not retain jurisdiction. Defendants, having prevailed on appeal, may tax their costs pursuant to MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause