*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

IMAN GOMAA,

      Plaintiff-Appellee,

v

AMRO SHARAFELDIN,

      Defendant-Appellant.

UNPUBLISHED
July 18, 2024

No. 363218
Oakland Circuit Court
LC No. 2019-876005-DM

Before: YATES, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

Following binding arbitration under the Domestic Relations Arbitration Act (DRAA), MCL 600.5070 *et seq.*, defendant, Amro Sharafeldin, was unhappy with the results. He claimed the arbitrator erred in awarding plaintiff, Iman Gomaa, various property and challenged the "piecemeal" approach employed by the arbitrator. The trial court determined the arbitrator did not commit any errors permitting the court to invade the award, and entered a judgment of divorce consistent with the arbitrator's orders. Sharafeldin repeats his challenges on appeal, but this Court similarly has no ground to set aside the arbitrator's rulings. We affirm.

## I. BACKGROUND

The parties were married in 2011. Gomaa was an American citizen and a pharmacology student at the time. Gomaa sponsored Sharafeldin's emigration to the United States and he eventually became a naturalized citizen. Gomaa became a licensed pharmacist a year into the marriage. Sharafeldin also earned a pharmacy degree, but could not secure a pharmacist license in the United States. During their marriage, the couple purchased a condominium and had two children. Sharafeldin started three Prestige Specialty Pharmacy businesses (PSP1, PSP2, and PSP3), with Gomaa serving as the licensed pharmacist of record. Sharafeldin also started Low Cost RX on his own.

Gomaa filed for divorce in 2019. Early on, the parties entered a stipulated protective order, limiting the use of certain discovery materials related to their businesses to these divorce proceedings. The parties then stipulated to referring the matter to binding arbitration. There were several challenged issues at the two-day arbitration hearing, including ownership of an apartment

in Egypt, division of the parties' businesses, Gomaa's student loan debt, and the treatment of certain loans made to third parties by Sharafeldin from marital funds. At some point, Sharafeldin accused Gomaa of violating the protective order and disclosing confidential information presented during discovery to the Department of Licensing and Regulatory Affairs (LARA), which led to regulatory investigations of the parties' three pharmacy businesses.

Matters did not flow smoothly through arbitration. The arbitrator issued his initial opinion and award in April 2021, but Sharafeldin filed a notice of errors and omissions. The arbitrator issued a revised opinion and award addressing the claimed errors that June. Another opinion and award issued in August 2021, regarding a revised settlement to Gomaa. The arbitrator issued an opinion regarding discovery and various other matters one month later. Sharafeldin then filed a motion with the arbitrator to vacate or modify the opinion and award in November 2021, while Gomaa filed a motion in the trial court to enter a judgment of divorce based on the arbitrator's award. Sharafeldin responded with a trial court motion to vacate or modify the judgment, identical to the motion he filed before the arbitrator. In December 2021, the trial court issued a consent order confirming the September 2021 opinion and award issued by the arbitrator. But Sharafeldin filed yet another motion, leading to continued arbitration proceedings in early 2022. The trial court held a hearing after Sharafeldin filed a third motion to vacate the arbitration award. Ultimately, the arbitrator awarded the Egyptian apartment to Gomaa as her separate property. Sharafeldin was ordered to pay a portion of Gomaa's student loan debt because she incurred that portion during the marriage, Gomaa's pharmacy license was used to start Sharafeldin's businesses, and Gomaa deferred repayment of her loans several times so she could cover marital debts. The court denied the motion to vacate and finally entered the judgment of divorce in accordance with the arbitrator's awards in September 2022.

Sharafeldin now appeals as of right.

## II. PROPERTY DIVISION

Sharafeldin contends the arbitrator erred by finding a portion of Gomaa's student loan debt was marital debt, by awarding the Egyptian apartment to Gomaa as her separate property, and generally dividing the parties' assets and debts unevenly and inequitably.

## A. LEGAL PRINCIPLES

"Parties to an action for divorce . . . may stipulate to binding arbitration by a signed agreement that specifically provides for an award with respect to . . . [r]eal and personal property." MCL 600.5071. Courts generally must enforce an award arising from such an agreement. MCL 600.5079(1). "Judicial review of arbitration awards is usually extremely limited, and that certainly is the case with respect to domestic relations arbitration awards." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009) (citation omitted).

> Pursuant to MCR 3.602, parties are conclusively bound by a binding arbitrator's decision absent a showing [1] that the award was procured by duress or fraud, [2] that the arbitrator or another is guilty of corruption or misconduct that prejudiced the party's rights, [3] that the arbitrator exceeded his powers, or [4] that the arbitrator refused to hear material evidence, refused to postpone the hearing on a

showing of sufficient cause, or conducted the hearing in a manner that substantially prejudiced a party's rights. [*Krist v Krist*, 246 Mich App 59, 66-67; 631 NW2d 53 (2001).]

"A reviewing court may not review the arbitrator's findings of fact." *Washington*, 283 Mich App at 672. "[T]he arbitrator's findings of fact are immune from review altogether." *Eppel v Eppel*, 322 Mich App 562, 572; 912 NW2d 584 (2018).

Clear legal errors in an arbitration award are reviewed under the rubric of an arbitrator exceeding his or her powers. Arbitrators exceed their powers when "they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *Washington*, 283 Mich App at 672 (quotation marks and citations omitted).

[A]ny error of law must be discernible on the face of the award itself. By "on its face" we mean that only a legal error that is evident without scrutiny of intermediate mental indicia, will suffice to overturn an arbitration award. Courts will not engage in a review of an arbitrator's mental path leading to the award. [*Id*. (cleaned up).]

To justify relief, the "error of law must be so substantial that, but for the error, the award would have been substantially different." *Id*. (quotation marks and citation omitted).

We review de novo the trial court's decision "to enforce, vacate, or modify a statutory arbitration award." *Tokar v Albery*, 258 Mich App 350, 352; 671 NW2d 139 (2003).

## B. STUDENT LOAN DEBT

Sharafeldin contends it is clear on the face of the arbitrator's award that he committed legal error in dividing Gomaa's student loan debt. He insists Gomaa secured the loans before the marriage, making this debt her separate property as a matter of law.

The parties were married in April 2011. Gomaa graduated with a pharmacy degree in May 2012. Gomaa testified that "some of" her student loan debt was incurred during the marriage. She further testified that she and Sharafeldin started PSP1 with her pharmacy license and she used that license to run Sharafeldin's pharmacy business. Although Sharafeldin also has a pharmacy degree, he was unable to obtain a pharmacist's license and, therefore, was not permitted to operate a pharmacy business alone. Gomaa served as the manager of PSP1 until June 2019. Gomaa further testified that she deferred her loans so that she could pay for the marital home and other marital expenses.

Sharafeldin denies Gomaa incurred any student loan debt during the marriage or deferred her loan repayment to cover marital expenses. He also complains that he did not require Gomaa's assistance to operate his pharmacy businesses, emphasizing that he hired another licensed pharmacist in Gomaa's absence. However, it was the arbitrator's duty to resolve the factual dispute on this issue. Neither the trial court nor this Court may overrule that factual finding. See *Washington*, 283 Mich App at 672. Contrary to Sharafeldin's position, this was not a question of law that this Court has more leeway to review. Although "the arbitrator's findings of fact are

immune from review," *Eppel*, 322 Mich App at 572, we note there is evidence supporting the arbitrator's decision to treat a portion of Gomaa's student loan debt as marital debt. Sharafeldin is not entitled to relief with respect to this issue.

## C. EGYPTIAN APARTMENT

Sharafeldin also challenges as an error of law the arbitrator's award of the apartment in Egypt to Gomaa as her separate property. This, too, is a mischaracterization of the arbitration award. The arbitrator heard conflicting evidence from the parties regarding the purchase of the apartment and whether it was gifted to Gomaa by Sharafeldin, and made a *factual finding* that the apartment was Gomaa's separate property.

In divorce actions, a trial court is required to include in a judgment "a determination of the property rights of the parties[.]" MCR 3.211(B)(3). A trial court has the authority to divide the property that came to either party by reason of the marriage. MCL 552.19. A spouse's separate property generally is not subject to distribution, unless one of two statutorily created exceptions exists. *Korth v Korth*, 256 Mich App 286, 291; 662 NW2d 111 (2003). Under MCL 552.401, a spouse's separate property may be invaded when the other spouse "contributed to the acquisition, improvement, or accumulation of the property." The other exception, MCL 552.23(1), allows for invasion of separate property "if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party . . . ."

Here, Gomaa testified that Sharafeldin gifted her the apartment before their marriage. She produced a translated contract outlining the transaction. Although Sharafeldin asserted that he made payments to maintain the apartment during the marriage, he also gave conflicting and unclear testimony. Gomaa denied that marital funds were used to maintain the apartment and claimed her father paid for its maintenance. The arbitrator credited the evidence presented by Gomaa over Sharafeldin's conflicting and confusing accounts. As noted, "the arbitrator's findings of fact are immune from review." *Eppel*, 322 Mich App at 572. Therefore, we have no ground to grant Sharafeldin relief.

## D. EQUITABLE DISTRIBUTION OF PROPERTY

Sharafeldin complains that the arbitrator's property division was inequitable, uneven, and unnecessarily punitive to him.

"The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008). "The trial court need not divide the marital estate into mathematically equal portions, but any significant departure from congruence must be clearly explained." *Id*. at 717. Factors traditionally considered in determining an equitable property division include:

> (1) the duration of the marriage, (2) the contributions of the parties to the marital estate, (3) the age of the parties, (4) the health of the parties, (5) the life situation of the parties, (6) the necessities and circumstance of the parties, (7) the parties'

earning abilities, (8) the parties' past relations and conduct, and (9) general principles of equity. [*Id.*]

This list is not exhaustive and the trial court "may also consider additional factors that are relevant to a particular case." *Id*. at 717. "The trial court must consider all relevant factors but not assign disproportionate weight to any one circumstance." *Id*. (quotation marks and citation omitted).

The arbitrator directly addressed the nine factors relevant to determining an equitable property division. Aside from Gomaa's student loan debt and the Egyptian apartment, the arbitrator essentially divided the marital property on a 50-50 basis. The PSP businesses' total value, the marital home's value, and the parties' bank accounts were equally divided. Sharafeldin's argument that the overall division is inequitable is mostly based on his previously rejected arguments that the arbitrator erred by holding him responsible for a portion of Gomaa's student loan debt and by awarding her the apartment in Egypt.

Sharafeldin also argues that it was inequitable to award Gomaa a portion of loan repayment proceeds received by Sharafeldin, half of the parties' 2017 to 2019 tax refunds, and half of a federal stimulus payment received by the parties. Sharafeldin argues that awarding Gomaa a portion of these payments constituted "double-dipping" because the court already divided the parties' bank accounts equally. However, Gomaa testified that these funds were not deposited into the parties' shared accounts and were instead diverted by Sharafeldin for his own use. Sharafeldin presented no evidence rebutting this accusation or to support his challenge. Once again, the arbitrator made a factual finding that Sharafeldin diverted the personal loan proceeds, income tax refunds, and stimulus check and we may not interfere with that finding.

## III. PROTECTIVE ORDER VIOLATIONS

Sharafeldin asserts that Gomaa violated a protective order entered in the divorce proceedings by using materials provided during discovery regarding the pharmacy businesses to instigate regulatory investigations. These investigations diminished the value of the businesses, Sharafeldin complains.

The trial court may issue a protective order precluding or limiting the parties from disclosing "a trade secret or other confidential research, development, or commercial information" obtained in discovery. MCR 2.302(C)(8). The parties stipulated to a protective order that prohibited either party from using or disclosing confidential information "in any manner, formal or informal, in whole or in part, express or implicitly to anyone or anything other than the parties hereto, their counsel and their consultants and/or experts . . . ."

Neither the arbitrator nor the trial court determined whether Gomaa violated the protective order. Although Sharafeldin made allegations about the conduct of Gomaa and her attorney, he presented no evidence that either disclosed confidential information to LARA. Rather, Sharafeldin opined LARA could not have secured the information from any other source and so speculated Gomaa and her attorney were responsible. Although Sharafeldin asserts that Gomaa was motivated to damage the businesses because she wanted him to sell them, the businesses were marital property and any reduction in their value would equally harm Gomaa. Considering these

circumstances, Sharafeldin has not demonstrated that the trial court erred by denying his motions to vacate the arbitration awards based on Gomaa's violation of the protective order.

## IV. MULTIPLE AWARDS

Sharafeldin finally contends that the arbitrator should have issued a single award addressing all issues to ensure the parties' property was equitably distributed. As noted, the arbitration proceedings did not flow smoothly and Sharafeldin filed several motions throughout the process. Sharafeldin acquiesced in the arbitrator entering multiple awards by previously stipulating to entry of a partial award. A party "may not assign as error on appeal something that [he or] she deemed proper in the lower court because allowing [him or] her to do so would permit [the party] to harbor error as an appellate parachute." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

We affirm.


/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett