FRAIN v FRAIN

Docket No. 177183. Submitted September 12, 1995, at Grand Rapids. Decided September 22, 1995, at 9:00 A.M.

Nancy A. Frain brought an action in the Kent Circuit Court against Clark H. Frain, Jr., seeking a judgment of divorce. The parties stipulated that the matter would be submitted to binding mediation and the court, Dennis B. Leiber, J., so ordered. Following the mediator's decision, the plaintiff sought to have the trial court review the decision with regard to the award of the income tax dependency exemptions for two of the parties' four minor children to the defendant, the requirement that the plaintiff assume one-half of the parties' income tax liability, and the method of calculating child support and support arrearages and a failure to follow a temporary order relating to support. The court, finding that it could review the mediator's decision only for possible fraud or duress, entered a judgment in accordance with the decision of the mediator. The plaintiff appealed.

The Court of Appeals *held:*

1. Binding mediation is functionally the same as arbitration and, therefore, MCR 3.602(J)(1)(c), a rule applicable to arbitration, also applies to binding mediation. Therefore, in addition to reviewability for fraud and duress, decisions made under binding mediation are also reviewable to determine whether the mediator exceeded the mediator's powers. However, such review should not be used as a ruse to review the mediator's decision to determine whether the mediator merely made an error. The plaintiff's objections regarding her obligation to pay one-half of the income tax liability and that the mediator ignored the temporary order relating to support in calculating the child support amount clearly fall within this category.

2. Because it is within the authority of state courts in domestic relations matters to award federal income tax depen-

Rᴇғᴇʀᴇɴᴄᴇs

Am Jur 2d, Alternative Dispute Resolution §§ 16, 212; Divorce and Separation § 418; Federal Taxation (1995 edition) ¶¶ 1248-1250.

See ALR Index under Arbitration and Award; Divorce and Separation; Income Tax.

dency exemptions for minor children, it was also within the mediator's power to award the income tax exemptions. The issue whether the mediator should have awarded two of those exemptions to the defendant is beyond the scope of judicial review of the mediator's decision.

Affirmed.

1. DIVORCE — MEDIATION — APPEAL.

A decision made by a mediator pursuant to an order of binding mediation may be reviewed under the court rule pertaining to arbitration to determine whether fraud or duress occurred and whether the mediator exceeded the mediator's powers, but such a review should not be used as a ruse to review the decision to determine whether the mediator merely made an error (MCR 3.602[J][1][c]).

2. DIVORCE — INCOME TAX — DEPENDENCE EXEMPTIONS.

It is within the authority of state courts in domestic relations matters to award federal income tax dependency exemptions for the parties' minor children.

*Thomas H. Schultz,* for the plaintiff.

*Meana Spruit, P.C.* (by *Richard M. Spruit*), for the defendant.

Before: GRIFFIN, P.J., and SAWYER and C. D. CORWIN,* JJ.

SAWYER, J. Plaintiff appeals from a judgment of the circuit court granting a divorce pursuant to a decision made under binding mediation. We affirm.

During the pendency of this proceeding, the parties stipulated that the matter would be submitted to binding mediation and the trial court so ordered. Thereafter, plaintiff sought to have the trial court review the mediator's decision, specifically objecting to the mediator's decision (1) to award two of the tax exemptions for the four minor children to defendant, (2) to require plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to assume one-half of the income tax liability, and (3) regarding the method of calculating child support and the support arrearages and a failure to follow a temporary order related to support. The trial court determined it could review the mediator's decision only for possible fraud or duress and, absent fraud or duress, that it was obligated to enter judgment according to the decision of the mediator. The trial court entered judgment accordingly. Plaintiff's sole argument on appeal is that the trial court erred in failing to recognize its authority to review and rule on appellant's objections to the mediator's opinion. We disagree.

In her brief, plaintiff acknowledges that binding mediation differs from ordinary domestic relations mediation under MCR 3.216, under which mediation is not normally binding but is subject to acceptance or rejection by the parties. MCR 3.216(H).

Plaintiff argues that the trial court's authority to review decisions following binding mediation should include, in addition to the prerogative to review for fraud or duress under *Marvin v Marvin,* 203 Mich App 154; 511 NW2d 708 (1993), a determination whether the mediator exceeded his powers under MCR 3.602(J)(1)(c), a rule applicable to arbitration. We agree. If there is a distinction between an agreement to arbitrate and an agreement to submit a matter to binding mediation, we fail to discern it. We fail to see any reason why different rules should apply merely because of the label applied to the proceedings. Binding mediation is functionally the same as arbitration and, therefore, the same rule applies. Accordingly, we hold that, in addition to reviewability for fraud and duress as noted in *Marvin, supra* at 157, decisions made under binding mediation are also reviewable, just as an arbitration award is, to

determine whether the mediator exceeded his powers.

We note, however, that the same caveat that is applied to arbitration should also be applied to binding mediation, namely, that reviewing a decision to determine if the mediator has exceeded his powers should not be used as a ruse to review the mediator's decision to see if he merely made an error. *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 497; 475 NW2d 704 (1991). Two of plaintiff's objections clearly fall within this category. Plaintiff's objection that she should not have to pay one-half of the income tax liability is an argument that the mediator erred and, therefore, is not subject to review. With respect to plaintiff's argument that the mediator ignored the temporary order in calculating child support, the mediator's decision clearly acknowledged the existence of the order and the mediator's decision was made in light of that order. Accordingly, plaintiff's argument in this respect is reduced to an allegation that a different result should have obtained in light of the order. That argument, however, is merely that the mediator made a mistake, an issue not reviewable by the court.

This leaves plaintiff's remaining objection, that the mediator erred in awarding two of the tax exemptions for the minor children to defendant. Arguably the mediator would have exceeded his authority if state courts lack the power to award federal income tax exemptions as plaintiff argues. However, plaintiff is incorrect that state courts lack that power. Rather, as we observed in *Fear v Rogers,* 207 Mich App 642, 645; 526 NW2d 197 (1994), it is within the authority of state courts in domestic relations matters to award the federal income tax dependency exemptions for the minor children. Thus, it was within the mediator's power

to award the income tax exemptions, and plaintiff's argument is reduced to whether the mediator should have awarded two of those exemptions to defendant. But such issues are beyond the scope of judicial review of the mediator's decision.

For the above reasons, we conclude that the trial court did not err in declining to review the mediator's decision.

Affirmed. Defendant may tax costs.