## KONAL v FORLINI

Docket No. 211988. Submitted January 15, 1999, at Lansing. Decided April 6, 1999, at 9:20 A.M.

Paul J. Konal brought an action in the Macomb Circuit Court seeking a divorce from Elizabeth A. Forlini. The parties agreed to submit the matter to binding arbitration, and neither party moved to modify, correct, or vacate the arbitrator's award. The court, Antonio P. Viviano, J., entered a judgment of divorce consistent with the award on January 21, 1998. Neither party filed a claim of appeal from the judgment. Following a dispute between the parties regarding interpretation of the arbitration award, the court found that an ambiguity existed and remanded the matter to the arbitrator for clarification. The arbitrator issued a supplement to the award, which stated that "[e]ach party is allowed to use all allowable post judgment remedies for either collection or protection. The original arbitration award put no restrictions nor limitations on either party since none was intended." The defendant filed a motion for relief from judgment. On May 15, 1998, the court denied the motion and entered a judgment and order that amended the January 21 judgment to include the arbitrator's statement in the arbitrator's supplement to the award. The defendant filed a claim of appeal as of right from the May 15 amended judgment. The Court of Appeals, CORRIGAN, P.J., and HOLBROOK, JR., and MURPHY, JJ., entered an order dismissing the claim for lack of jurisdiction, finding that the May 15 order and judgment was a postjudgment order that was appealable only by leave granted. Unpublished order of the Court of Appeals, entered July 24, 1998 (Docket No. 211988). The Supreme Court, in lieu of granting leave to appeal, vacated the order of the Court of Appeals and remanded the matter to the Court of Appeals for consideration of the issue "whether a claim of appeal is an appropriate method for invoking the jurisdiction of the Court of Appeals in this case." 459 Mich 890 (1998).

The Court of Appeals *held*:

1. An appeal as of right to the Court of Appeals may be filed only by a party aggrieved by a final judgment or final order of the circuit court. A final judgment or final order in a civil case is the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties.

2. A court in an arbitration action may not engage in contract interpretation, which is a question for the arbitrator. The court's finding that the arbitration award incorporated in the January 21, 1998, judgment was ambiguous was without legal effect because the court had no authority to interpret the award.

3. The January 21, 1998, judgment is a final judgment under MCR 7.202(8) because the parties' rights and liabilities as set forth in the original arbitration award were unaffected by the May 15, 1998, amended judgment. The previous order of the Court of Appeals in this matter properly found that the defendant could not claim an appeal as of right from the May 15 amended judgment because it was a postjudgment order appealable by leave granted only. The Court of Appeals properly dismissed the claim of appeal for lack of jurisdiction.

4. The defendant did not allege duress, fraud, or other impropriety in connection with the arbitration award. The defendant's claims that the arbitrator made a factual error are beyond the scope of appellate review. The claim of appeal as of right must be dismissed.

Claim of appeal as of right dismissed.

1. APPEAL — COURT OF APPEALS — APPEALS AS OF RIGHT — FINAL ORDERS — FINAL JUDGMENTS.

An appeal as of right to the Court of Appeals may be filed only by a party aggrieved by a final judgment or order of the circuit court; a final judgment or final order in a civil case is the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order (MCR 7.203[A][1], 7.202[8][a][i]).

2. ARBITRATION — APPEAL — CIRCUIT COURTS.

A circuit court has three options when an arbitration award is challenged: it may confirm the award, vacate the award if it was obtained through fraud, duress, or other undue means, or modify the award or correct errors that are apparent on the face of the award; a circuit court may not engage in contract interpretation, which is a question for the arbitrator (MCR 3.602).

3. ARBITRATION — APPEAL.

The parties to arbitration are conclusively bound by the arbitrator's decision absent a showing that the award was procured by duress or fraud, that the arbitrator or another is guilty of corruption or misconduct that prejudiced a party's rights, that the arbitrator exceeded the arbitrator's powers, or that the arbitrator refused to hear material evidence, refused to postpone the hearing on a show-

ing of sufficient cause, or conducted the hearing in a manner that substantially prejudiced a party's rights; claims that the arbitrator made a factual error are beyond the scope of appellate review (MCR 3.602).

*Bufalino & Palazzolo, P.C.* (by *Nunzio G. Provenzano*) (*Domnick J. Sorise,* of Counsel), for the plaintiff.

*Mark L. Silverman, M.D., J.D., P.C.* (by *Mark L. Silverman, M.D.*), for the defendant.

Before: HOLBROOK, JR., P.J., and KELLY and MURPHY, JJ.

PER CURIAM. This case is before this Court following remand from the Supreme Court. When defendant filed a claim of appeal as of right in this Court from an amended judgment of divorce entered on May 15, 1998, this Court dismissed the claim on its own motion for lack of jurisdiction, finding that the order was a postjudgment order that was appealable only by leave granted. Unpublished order of the Court of Appeals, entered July 24, 1998 (Docket No. 211988). The Supreme Court, in lieu of granting leave to appeal, vacated this Court's order and remanded the matter for consideration of the issue "whether a claim of appeal is an appropriate method for invoking the jurisdiction of the Court of Appeals in this case." 459 Mich 890 (1998). We find that it is not.

I

Plaintiff initiated this divorce action in May 1995, after a three-year marriage to defendant that produced no children. On February 28, 1997, the parties agreed to submit the case to binding arbitration. An

arbitration award was issued on November 19, 1997. The provision dividing the parties' real estate holdings, which consisted of the marital home and a piece of commercial property, provided that plaintiff was to receive a lien in the amount of $67,000 against the commercial building "for his total equity." Neither party moved to modify, correct, or vacate the award under the procedures set forth in MCR 3.602(J) and (K). A judgment of divorce consistent with the award was entered on January 21, 1998. Neither party filed a claim of appeal from the judgment.

Twenty-two days after the judgment was entered, plaintiff began taking steps to execute the judgment and obtained a Writ of Execution to enforce the lien. Defendant filed an ex parte motion to show cause, arguing that "[t]he language of the award was ambiguous in that it did not determine when or how Plaintiff was to receive the equity which he was awarded." Plaintiff's attorney, on the other hand, argued that the judgment clearly did not foreclose or limit legal remedies. At the hearing regarding the motion, the trial court found that an ambiguity existed and ordered that the matter be remanded to the arbitrator for clarification. The arbitrator subsequently issued a supplement to the award that stated: "Each party is allowed to use all allowable post judgment remedies for either collection or protection. The original arbitration award put no restrictions nor limitations on either party since none was intended."

On April 13, 1998, defendant filed a motion for relief from judgment pursuant to MCR 2.612(C)(1)(a). The court denied the motion, but granted defendant's request to issue an amended judgment. The court indicated that the amendment would not be nunc pro

tunc and ordered plaintiff's attorney to draft an amendment, which was entered on May 15, 1998. In addition to denying defendant's motion for relief from judgment, the amended judgment included the arbitrator's statement with regard to the absence of enforcement restrictions in the original award. In accordance with the Supreme Court's instructions, we now consider whether a claim of appeal as of right from this judgment was an appropriate method of invoking this Court's jurisdiction.

II

Under MCR 7.203(A)(1), an appeal as of right to this Court may be filed only by a party aggrieved by a final judgment or final order of the circuit court. MCR 7.202(8)(a)(i) defines a "final judgment" or "final order" in a civil case as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order . . . ." In this case, the January 21, 1998, judgment was entered following binding arbitration and confirmed the arbitration award. No claim of appeal was filed within the applicable period set forth in MCR 7.204, nor did defendant timely move to vacate, modify, or correct the award in accordance with MCR 3.602(J) or (K). However, defendant now claims, in essence, that the trial court's subsequent finding that the award was "ambiguous" undermined the finality of the award and the January 1998 judgment.

It is well established that "having invoked binding arbitration, the parties are required to proceed according to the applicable statute and court rule."

*Dick v Dick*, 210 Mich App 576, 588; 534 NW2d 185 (1995), citing MCL 600.5021; MSA 27A.5021; MCR 3.602. Judicial review of arbitration awards is limited. *Dick, supra* at 589. MCR 3.602 provides a circuit court with only three options when an arbitration award is challenged: it may (1) confirm the award, (2) vacate the award if obtained through fraud, duress, or other undue means, or (3) modify the award or correct errors that are apparent on the face of the award. *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 495; 475 NW2d 704 (1991); MCR 3.602(I), (J), and (K). Courts may not engage in contract interpretation, which is a question for the arbitrator. *Brucker v McKinlay Transport, Inc*, 454 Mich 8, 17-18; 557 NW2d 536 (1997); *Dick, supra* at 588-589. Thus, the trial court's finding that the arbitration award incorporated in the January 21, 1998, judgment was ambiguous was without legal effect because the court had no authority to interpret the award under the applicable court rules.

The arbitrator's supplement to the award simply stated that no restrictions or limitations on either party's ability to utilize postjudgment remedies were included in the arbitration award because none were intended.[1] Thus, because the parties' rights and liabilities as set forth in the original arbitration award were unaffected by the amended judgment, the January 21, 1998, judgment is a "final judgment" under MCR 7.202(8). Consequently, defendant could not claim an

---

[1] Defendant impliedly contends that because the lien was granted solely against the commercial building, plaintiff cannot enforce it by executing against her other personal property. However, whether plaintiff complied with the statutory provisions regarding enforcement of a lien is not a question that can be resolved by reference to the arbitration award.

appeal as of right from the May 15, 1998, amended judgment because, as this Court's order stated, it was a postjudgment order appealable by leave granted only.

That the May 15, 1998, "amended judgment" was a postjudgment order is further confirmed by the fact that the judgment incorporated an order denying defendant's motion for relief from judgment pursuant to MCR 2.612. Because defendant's motion under MCR 2.612 was not filed within twenty-one days of the entry of the January 21, 1998, judgment, defendant was not entitled to claim an appeal as of right from the order deciding the motion. MCR 7.203(B). Consequently, this Court did not err in dismissing defendant's claim of appeal for lack of jurisdiction.

Furthermore, it must be remembered that under MCR 3.602, the parties are conclusively bound by the decision of the arbitrator absent a showing that the award was procured by duress or fraud, that the arbitrator or another is guilty of corruption or misconduct that prejudiced the party's rights, that the arbitrator exceeded his powers, or that the arbitrator refused to hear material evidence, refused to postpone the hearing on a showing of sufficient cause, or conducted the hearing in a manner that substantially prejudiced a party's rights. MCR 3.602(J); *Dick, supra* at 588; *Marvin v Marvin*, 203 Mich App 154, 157; 511 NW2d 708 (1993). Defendant has not alleged any of these grounds, but rather claims that the arbitrator erred in his factual findings and calculations. Claims that the arbitrator made a factual error are beyond the scope of appellate review. *Gordon Sel-Way, supra* at 497; *Frain v Frain*, 213 Mich App 509, 512-513; 540 NW2d 741 (1995); *Dick, supra* at 588-589. The dock-

eting statement filed by defendant in connection with her claim of appeal as of right indicates that the issues she seeks to raise are claims of this nature. Therefore, review is precluded on this basis as well.

In summary, no circumstances exist in which defendant would be entitled to claim an appeal as of right. The January 21, 1998, judgment, which was the first judgment that determined all the rights and liabilities of the parties, was a final judgment under MCR 7.202(8), and defendant's claim of appeal as of right was not filed within the jurisdictional time provided by the court rules. The court's finding that the arbitration award was ambiguous had no legal effect and did not undermine the finality of the January 21, 1998, judgment, the terms of which were completely unaffected by the May 15, 1998, amended judgment from which defendant filed a claim of appeal as of right. Further, appellate review is precluded in the absence of any allegations of duress, fraud, or other impropriety in connection with the arbitration award. The previous order in this case properly found that the defendant's appeal as of right must be dismissed.

Claim of appeal as of right dismissed. Because this case is being considered pursuant to Supreme Court order, attorney fees are not warranted.