# STATE OF MICHIGAN

# COURT OF APPEALS

PETER KARMANOS, JR.,

       Plaintiff-Appellee,

v

COMPUWARE CORPORATION,

       Defendant-Appellant.

UNPUBLISHED
October 20, 2016

No. 327476
Wayne Circuit Court
LC No. 13-014776-CK

COMPUWARE CORPORATION,

       Plaintiff-Appellant,

v

PETER KARMANOS, JR.,

       Defendant-Appellee.

No. 327712
Wayne Circuit Court
LC No. 15-003350-CB

Before: MURRAY, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

Appellant, Compuware Corporation (Compuware), appeals as of right from the circuit court's order denying Compuware's motion to vacate or modify an arbitration award, granting the motion of appellee, Peter Karmanos, Jr., to confirm the arbitrator's award, and entering judgment in the amount of $16.5 million in Karmanos's favor. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of comments Karmanos made in September 2013 criticizing the management of Compuware. Karmanos is the former executive chairman of Compuware and, at the time he made the comments, had transitioned to a paid consultancy position with the company. In reaction to Karmanos's comments, Compuware terminated his employment for cause. As a result of his for-cause termination, Karmanos's interest in certain Compuware stock options and restricted stock units was terminated.

-1-

Karmanos reacted by filing a three-count complaint against Compuware in Wayne Circuit Court. The claims stated were (1) common law and statutory conversion, (2) breach of contract, and (3) unjust enrichment. Among other things, Karmanos sought statutory treble damages for his conversion claims.

After Compuware answered Karmanos's complaint and filed a counter-complaint, the parties agreed, in a document entitled "Submission to Dispute Resolution" (the submission), to dismiss the circuit court action without prejudice and submit their claims to "binding" arbitration. In pertinent part, the submission contained the following terms:

> 2. The parties will abide by and perform any award rendered by [the arbitrator] under this submission and a judgment may be entered on the award.
>
> 3. The parties agree that, while the American Arbitration Association ("AAA") shall not administer this submission nor be paid any fees, the Commercial Arbitration Rules of the AAA shall otherwise apply to this Arbitration, with the following modifications:
>
> * * *
>
> (b) The parties agree that the Arbitrator's award, if any, may be a monetary amount or specific performance of specified stock options as the arbitrator may determine is appropriate, *but shall not be an award with specific findings of fact and law, anything in AAA R-46 to the contrary notwithstanding.* [Emphasis added.]

Thereafter, the parties submitted a stipulation to the arbitrator, which also concerned the rules that would govern the arbitration proceeding. In pertinent part, the stipulation provided,

> 1. This arbitration is governed by the Revised Michigan Uniform Arbitration Act ("[]UAA").[1]
>
> 2. This arbitration is subject to the American Arbitration Association ("AAA") Commercial Rules, subject to the modifications listed in the Submission to Dispute Resolution.
>
> 3. In the event that there is a conflict between the []UAA and the AAA Commercial Rules (as modified by the Submission to Dispute Resolution), the []UAA shall prevail.

During the extensive arbitration proceedings that followed, Compuware filed a motion for summary disposition of Karmanos's claims for conversion and unjust enrichment. In its briefing on the matter, Compuware described ¶ 3(b) of the submission as a provision indicating

---

[1] The UAA is codified at MCL 691.1681 *et seq.*

"that the Arbitrator's final award, if any, not include findings of fact or conclusions of law[.]" Similarly, in his closing argument before the arbitrator, Compuware's counsel argued,

> We all know that you want to reach a reasoned decision in this case. Your award did [sic] not need to say it, but you want to reach a reasoned decision. In that regard, the fact that I'm going to give you a number of whether it be zero or something else, your situation is very much like that faced by the Board of Directors of Compuware. They were called upon to make a yea or nay vote. They were not called upon properly to explain it. You're in the same position as they are [sic].

Ultimately, the arbitrator issued an unreasoned award, which simply stated the following: "The undersigned Awards to Claimant, PETER J, KARMANOS, JR., and against Respondent, COMPUWARE CORPORATION, the total amount of $16,500,000, inclusive of all interest, costs and legal fees incurred. All other claims, demands and defenses are hereby specifically DENIED."

In reaction, Compuware filed a motion requesting that the arbitrator "clarify" his award. Compuware argued that (1) "[b]ased upon the evidence presented and arguments made," the arbitrator's award "must have included treble damages and attorney fees" for statutory conversion, (2) such damages are punitive in nature, (3) as such, notwithstanding ¶ 3(b) of the submission, under MCL 691.1701(5) the arbitrator was required to specify the legal and factual basis for the award and separately state the amount of the punitive damages. Thus, Compuware argued, the arbitrator should issue a reasoned opinion clarifying his original award. The arbitrator subsequently denied Compuware's motion to clarify the award "in toto."

Thereafter, the parties filed competing motions in the circuit court. Karmanos filed a motion to confirm the arbitrator's award and enter judgment, whereas Compuware filed a motion to vacate or modify the arbitration award. After considering the matter, the circuit court denied Compuware's motion to vacate or modify the arbitral award, granted Karmanos's motion to confirm that award, and entered judgment in Karmanos's favor in the amount of $16.5 million. The circuit court reasoned as follows:

> Here, Compuware repeatedly asserts that there is only one explanation of the arbitrator's award: the conversion claim provides for treble damages and attorney fees. Facially, Compuware's claim appears reasonable. However, after reviewing the extensive record and considering the arguments of counsel, the Court cannot declare that this is the only explanation of the arbitrator's award. Indeed, the Court is hampered in its review by the very stipulation that Compuware now implicitly challenges. For if such findings had been permitted, Compuware would not find itself in its present predicament. Instead, the basis for [the arbitrator]'s award would be facially clear.
>
> Simply put, Compuware's argument may be summarized as follows: [the arbitrator] issued an arbitration award without findings of fact that is fatally defective because it can only be based on the conversion claim and must therefore be vacated. The Court finds that the record supports alternate theories which

could also justify the arbitrator's award. Without engaging in impermissible fact finding, the Court offers the following plausible explanation based on its review. [The arbitrator] may have found that Compuware committed two separate and distinct wrongs. The first wrong is the breach of contract in wrongfully terminating Kar[]manos. The second is the conversion of the stock options by subsequently and intentionally interfering with the execution of the options following the wrongful termination.

* * *

The Court does not find that this is the basis for the award but only offers this in response to the argument that there is only one possible explanation for the award. Regardless, the court may not invade the province of the arbitrator. Furthermore, in the absence of a record as stipulated to by the parties, it is extremely difficult if not impossible to meet the burden of proving the existence of a substantial error by the arbitrator. In fact, as both parties acknowledge in their extensive briefing of the motions before the Court, neither the parties nor the Court can know the basis for [the arbitrator]'s findings due to the very terms of the agreement to arbitrate. [Citations omitted.]

## II. STANDARD OF REVIEW

This Court reviews de novo "a circuit court's decision to enforce, vacate, or modify an arbitration award, *Cipriano v Cipriano*, 289 Mich App 361, 368; 808 NW2d 230 (2010), "[w]hether an arbitrator exceeded his or her authority," *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009), and any related issues of statutory interpretation, *Rogers v Wcisel*, 312 Mich App 79, 86; 877 NW2d 169 (2015).

## III. ANALYSIS

The arbitration proceedings at issue in this case are governed by the UAA. MCL 691.1683(1). In pertinent part, § 21 of the UAA provides,

(1) An arbitrator may award punitive damages or other exemplary relief if such an award is authorized by law in a civil action involving the same claim and the evidence produced at the hearing justifies the award under the legal standards otherwise applicable to the claim.

(2) An arbitrator may award reasonable attorney fees and other reasonable expenses of arbitration if such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding.

(3) As to all remedies other than those authorized by subsections (1) and (2), an arbitrator may order remedies that the arbitrator considers just and appropriate under the circumstances of the arbitration proceeding. The fact that such a remedy could not or would not be granted by the court is not a ground for

-4-

refusing to confirm an award under section 22 or for vacating an award under section 23.

* * *

(5) If an arbitrator awards punitive damages or other exemplary relief under subsection (1), the arbitrator shall specify in the award the basis in fact justifying and the basis in law authorizing the award and state separately the amount of the punitive damages or other exemplary relief. [MCL 691.1701.]

On the other hand, § 4(1) of the UAA provides, in relevant part, "Except as otherwise provided in subsections (2) and (3), a party to an agreement to arbitrate or to an arbitration proceeding may waive or the parties may vary the effect of the requirements of this act to the extent permitted by law." Neither subsection (2) nor subsection (3) referenced above prevented the parties from varying the requirements of § 21.

On appeal, Compuware argues that the arbitral award contravenes § 21(5) of the UAA. Specifically, Compuware contends that, although it is clear from the surrounding circumstances that the arbitration award included "punitive" treble damages, the award fails to specify any basis in fact or law justifying such damages, and it further fails to separately state the precise amount of punitive damages. Hence, Compuware argues, the arbitrator committed substantial error, exceeded his authority, and his award must be vacated in part. We disagree.

"A party may not harbor error as an appellate parachute by assenting to action in the lower proceeding and raising the issue as an error on appeal." *Wilcoxon v City of Detroit Election Comm*, 301 Mich App 619, 640; 838 NW2d 183 (2013). Moreover, "error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence," and a party waives appellate review of errors to which that party so contributed. *Farm Credit Servs of Mich Heartland, PCA v Weldon*, 232 Mich App 662, 683-684; 591 NW2d 438 (1998). Waiver "extinguish[es] any alleged error and foreclose[es] appellate review." *In re Tiemann*, 297 Mich App 250, 265; 823 NW2d 440 (2012).

Here, in a brief submitted to the arbitrator in support of its motion for summary disposition, Compuware described ¶ 3(b) of the submission as an agreement between the parties "that the Arbitrator's final award, if any, not include findings of fact or conclusions of law[.]" And during closing arguments—just before the arbitrator would issue his award—Compuware's counsel reaffirmed that position, indicating that the arbitrator was "not called upon properly to explain" his arbitration award. Whether Compuware made such representations to the arbitrator negligently or as part of an intentional plan to craft an appellate parachute is immaterial. In either event, Compuware is unentitled to relief regarding the arbitrator's alleged failure to comply with § 21(5) of the UAA.

The above conclusion is fatal to Compuware's other claims of error regarding § 21 of the UAA, as well. As the circuit court noted, Compuware's argument that the arbitral award "must have" been premised on punitive treble damages for statutory conversion under MCL 600.2919a has facial appeal. Nevertheless, the lack of reasoning in the award presents an insurmountable obstacle to judicial review, leaving it impossible to know with certainty why the arbitrator ruled

as he did. "Arbitration, by its very nature, restricts meaningful legal review in the traditional sense." *DAIIE v Gavin*, 416 Mich 407, 429; 331 NW2d 418 (1982) (*Gavin*). "The informal and sometimes unorthodox procedures of the arbitration hearings, combined with the absence of a verbatim record and formal findings of fact and conclusions of law, make it virtually impossible to discern the mental path leading to an award." *Id.* A reviewing court must "be reluctant to modify or vacate an award because of the difficulty or impossibility, without speculation, of determining what caused an arbitrator to rule as he did." *Id.* "The character or seriousness of an error of law which will invite judicial action to vacate an arbitration award . . . must be error so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *Id.* at 443. "Furthermore, error, if any, must be evident from the face of the award[.]" *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991). A legal error is facially evident only if the error is apparent "without scrutiny of intermediate mental indicia[.]" *Washington*, 283 Mich App at 672, quoting *Gavin*, 416 Mich at 429. "[A]n allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrators' decision." *Gordon Sel-Way*, 438 Mich at 497.

Here, despite the fact that there is an extensive record of the arbitration proceedings, the lack of a reasoned award renders it impossible—without engaging in impermissible speculation—to discern the mental path leading to the award. Based on his various asserted claims (breach of contract, conversion, statutory conversion, and unjust enrichment), Karmanos sought a total award of $23.6 million. Ultimately, he was awarded $16.5 million "inclusive of all interest, costs and legal fees." Compuware argues that, in light of "the claims asserted," the "damages sought," the "evidence presented," and the "arguments made," the $16.5 million award could "only" be premised upon an award of treble damages for statutory conversion, plus attorney fees and costs. But "[a] court may not review an arbitrator's factual findings or decision on the merits," *Fette v Peters Const Co*, 310 Mich App 535, 541; 871 NW2d 877 (2015) (quotation marks and citations omitted), nor may it invade the province of the arbitrator to construe contracts between the parties, *Konal v Forlini*, 235 Mich App 69, 74; 596 NW2d 630 (1999). See also *Washington*, 283 Mich App at 675 ("It is simply outside the province of the courts to engage in a fact-intensive review of how an arbitrator calculated values, and whether the evidence he relied on was the most reliable or credible evidence presented.").

Compuware's claim of error is, at root, a thinly veiled attempt to take a second bite at the apple—to invoke judicial review of the merits of the arbitral award. We refuse to engage in such improper review. Because there is no substantial error apparent on the face of the award, the circuit court properly confirmed the award and entered judgment in favor of Karmanos. As the prevailing party, Karmanos may tax costs pursuant to MCR 7.219.

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder