# STATE OF MICHIGAN

# COURT OF APPEALS

ALYSON OLIVER,

      Plaintiff-Appellee,

v

ARI KRESCH, 1-800-LAW-FIRM, KRESCH
LEGAL SERVICES PLC, JUDGMENT
ENFORCEMENT LAW FIRM PLLC, formerly
known as MERCHANT'S CREDIT RECOURSE
INC,

      Defendant-Appellants.

UNPUBLISHED
July 19, 2018

No. 338296
Oakland Circuit Court
LC No. 2013-133304-CZ

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

This case arises out of a dispute between plaintiff, Alyson Oliver, and defendants, Ari Kresch, 1-800-LAW-FIRM, Kresch Legal Services, PLC, and Judgment Enforcement Law Firm, PLLC, formerly known as Merchant's Credit Recourse, Inc., following the dissolution of plaintiff and defendant Kresch's partnership. Defendants appeal the trial court's April 19, 2017 order granting plaintiff's motion to confirm the arbitration award. On appeal, defendants argue the trial court erred when it first denied their March 27, 2017 motion to vacate the arbitration award because (1) the arbitrator clearly exceeded his powers when he declined to award referral fees on 150 of 165 cases that 1-800-LAW-FIRM referred to the Kresch Oliver law firm, (2) the trial court confirmed the award based on the erroneous position that defendants should have first sought reconsideration from the arbitrator, and (3) the trial court improperly concluded that defendants' brief was insufficient. Because the arbitrator did not exceed his authority and the record does not support defendants' remaining arguments, we affirm.

## I. BACKGROUND

Plaintiff and defendant Kresch entered into a partnership in 2009 forming the Kresch Oliver law firm. Around the same time, defendant Kresch also formed his own entity, 1-800-LAW-FIRM. In 2012, the two parties signed the Kresch Oliver Dissolution Agreement (the Agreement), agreeing to dissolve their firm effective March 21, 2012. Paragraph g of the Agreement provided:

g. Any payments, fees/or reimbursements received by either party for work performed on behalf of clients who were retained prior to March 21, 2012 shall be distributed as follows:

\* \* \*

ii. For cases *referred in* by 1-800-LAW-FIRM, 33.3% referral fee on the net fees after reimbursement for costs shall be paid to 1-800-LAW-FIRM. [Emphasis added.]

On April 8, 2013, plaintiff filed a complaint against defendants alleging (1) breach of contract, (2) defamation and slander per se, (3) breach of fiduciary duty, (4) forgery and negligence per se, and (5) conversion. Plaintiff alleged, *inter alia*, that defendant Kresch "deliberately and intentionally violated" numerous clauses under the Agreement. Defendants denied the allegations, and eventually the parties agreed to binding arbitration.

Two arbitration awards were entered by 2014, but they did not resolve the issue of referral fees. On January 31, 2017, the arbitrator decided the issue of referral fees, entering an award in the sum of $12,952.23 for three cases that plaintiff admitted she owed a referral fee. The arbitration award also provided the following, which is the center of the controversy at issue:

In addition to the above, [defendants] identified 40 cases where settlement funds were received by [plaintiff] but for which no referral fee was paid. Lastly, defendants identified an additional 125 pending cases on which they contend they are entitled to a referral fee if and when the cases generate any recovery.

In identifying the 165 cases referred to above, [defendants] have taken the approach that *all* settled or pending cases of certain types were necessarily "referred in" by 1-800-LAW-FIRM. And the basis for this approach appears to be reliance on records of 1-800-LAW-FIRM and its affiliates which, according to the testimony, reflect that a record of some sort exists showing that the case came in through 1-800-LAW-FIRM or some affiliate thereof, whether by phone, TV, or otherwise.

On the other hand, we have the following issues. The original partnership agreement for Kresch Oliver PLLC had no provision for the payment of referral fees. As noted earlier, that obligation first arose when specific letter agreements for specific types of cases were entered into. We also have the later rescission of those letter agreements, with a change in the percentage of the referral fee to be paid on cases referred prior thereto, and waiving referral fees on cases referred after December 31, 2011.

Also, [p]laintiff points out that not all of the 165 cases are even listed in the Exhibits to the Dissolution Agreement. And in addition to all of the above, we have the issues of 1-800-LAW-FIRM personnel deciding which form of retainer agreement to forward to the prospective client, and the routing of Kresch Oliver phone lines through 1-800-LAW-FIRM or some affiliate thereof.

-2-

Based on all of the foregoing, the "all cases" approach must be rejected for lack of sufficient proofs. As 1-800-LAW-FIRM has the burden of proof on this issue, we have to look to alternative evidence to determine on which matters a referral fee may be due.

We do have specific retainer agreements pertaining to most of the 165 cases at issue. The retainer agreements demonstrate both the date of the engagement, and the identity of the firm(s) retained. This is found to be the best evidence of whether a referral fee is owed based on the various agreements between the parties. Based on a review of the actual retainer agreements, it is determined that Oliver owes a 33.3% referral fee to 1-800-LAW-FIRM on the following cases[1] (which are cases on 1-800-LAW-FIRM letterhead and which retain only 1-800-LAW-FIRM)[.]

On March 28, 2017, defendants filed a motion to vacate the January 31, 2017 arbitration award, arguing the arbitrator erred when it refused to award referral fees on 150 of the 165 cases that 1-800-LAW-FIRM had referred to the Oliver Kresch law firm. The trial court disagreed, concluding that defendant Kresch failed to explain how the arbitrator exceeded his authority. At the hearing, the trial court stated:

I have reviewed the pleadings, and I would say that the -- the pleadings set forth by the -- the defendants in this matter offer no analysis of their allegations that the arbitrator exceeded his authority. They merely cite two statutory provisions without even saying how they might apply. There's no case law that would interpret those statutes, and what I am hearing is that they are basically attempting to re-litigate the factual issues. If you thought that there was a problem with those, you could have addressed it with the arbitrator. You chose not to. You chose to come into this Court. There is nothing that's set forth in your pleadings that indicate that the arbitrator exceeded his authority, or that there was any misconduct by the arbitrator that prejudiced the rights of the parties as alleged in your very sparse pleadings.

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's ruling on a motion to vacate or modify an arbitration award." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). In doing so, "we review the legal issues presented without extending any deference to the trial court." *Id*.

## III. ANALYSIS

Defendants argue the trial court erred when it denied their motion to vacate the arbitration award because the arbitrator exceeded his authority. We disagree.

---

[1] The arbitrator listed 15 cases that he concluded were "referred in" by 1-800-LAW-FIRM.

"Judicial review of arbitration awards is limited." *Konal v Forlini*, 235 Mich App 69, 74; 596 NW2d 630 (1999). "A court may not review an arbitrator's factual findings or decision on the merits[,]" may not second guess the arbitrator's interpretation of the parties' contract, and may not "substitute its judgment for that of the arbitrator." *City of Ann Arbor v American Federation of State, Co & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). Instead, "[t]he inquiry for the reviewing court is merely whether the award was beyond the contractual authority of the arbitrator." *Id*. "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed serious error." *Id*. (quotation marks and citation omitted).

Defendants contend the arbitrator exceeded his authority when he failed to award referral fees on 150 of the 165 retainer agreements contrary to the plain language of the dissolution agreement. This argument is without merit.

Under MCL 691.1703(1), an arbitration award is required to be vacated if "[a]n arbitrator exceeded the arbitrator's powers." An arbitrator may exceed his powers by making a material error of law that substantially affects the outcome of the arbitration:

> In order for a court to vacate an arbitration award because of an error of law, the error must have been so substantial that, but for the error, the award would have been substantially different. Any such error must be readily apparent on the face of the award without second-guessing the arbitrator's thought processes, and the arbitrator's findings of fact are immune from review altogether. [*Eppel v Eppel*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket Nos. 335653 and 335775); slip op at 5 (quotation marks and citations omitted).]

Thus, "an allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrators' decision." *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991).

In this case, the arbitrator did not exceed his powers when he awarded referral fees on 15 of the 165 total retainer agreements. Because there was nothing in the record that indicated definitively which cases were "referred in" based on referrals from 1-800-LAW-FIRM, the arbitrator was forced to make a determination based on testimony at arbitration, the parties' conduct, and information in the retainer agreements. To prevail on appeal, defendants would require this Court to review all 165 retainer agreements, along with the remaining evidence in the record, to second guess the arbitrator's findings related to the cases that were "referred in" by 1-800-LAW-FIRM. But the arbitrator's findings of fact are immune from review, *Eppel*, ___ Mich App at ___; slip op at 5, and even if we felt a serious error was committed, this Court may not overturn the award based on such an error, *AFSCME*, 284 Mich App at 144. Defendants' argument is no more than a ruse requiring this Court to review the merits of the arbitrator's decision. *Gordon*, 438 Mich at 497.

That said, defendants claim this Court should reverse because the arbitrator committed a substantial error of law when he ignored the plain language of the Agreement. However, the

Agreement simply states that 1-800-LAW-FIRM is entitled to a referral fee for cases that it "referred in." In no way does the Agreement indicate which cases were referred in, nor does it delineate a manner in which an arbitrator could make such a determination. Instead, the arbitrator was required to make findings based on the record, i.e., to determine which cases were actually referred in by 1-800-LAW-FIRM. In no way was the award apparent on the face of the Agreement, and therefore, the arbitrator's decision cannot simply be overturned based on a legal error that this Court can easily discern and correct by reviewing the plain language of the agreement.

As a final point, defendants raise two claims of error relating to the trial court's confirmation of the arbitration award. First, defendants argue the trial court improperly concluded that they were required to seek reconsideration with the arbitrator before filing the motion to vacate. Second, defendants argue the trial court erred when it denied their motion due to inadequate briefing of the issue. Both arguments fail.

At the hearing on defendants' motion to vacate the arbitration award, the trial court informed defense counsel that if it wanted to seek review of the arbitrator's factual determinations, then defendants should have filed a motion for reconsideration with the arbitrator. The trial court was not claiming defendants were required to file such a motion before seeking vacation of the arbitration award. Instead, the trial court was informing defendants of the court's limited ability to review the award. As to defendants' last claim, the trial court expressed its frustration with the brevity of defendants' motion and brief, but it in no way based its ruling on that fact. Instead, it concluded that defendants failed to explain *how* the arbitrator exceeded his authority because the brief consisted of a single sentence with two statutory citations. Therefore, defendants' arguments fail, and the trial court did not err when it denied defendants' motion to vacate and confirmed the arbitration award.

Affirmed.


/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Peter D. O'Connell