# STATE OF MICHIGAN

# COURT OF APPEALS

KORDOBA, LLC,

Plaintiff-Appellee,

v

LANDMARK CONTRACTING COMPANY,

Defendant-Appellant.

UNPUBLISHED
October 9, 2018

No. 339209
Wayne Circuit Court
LC No. 17-001442-CB

Before: JANSEN, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

In this construction contract dispute defendant appeals as of right the trial court's order granting plaintiff's motion to confirm the arbitration award and denying defendant's motion to vacate the arbitration award. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 21, 2012, plaintiff and defendant entered into an agreement for the construction of a commercial building. The contract contained an arbitration agreement. According to defendant, the contract work was "substantially completed" on April 7, 2014, when the city issued a Temporary Certificate of Occupancy, and the balance of the contract became due. Defendant subsequently recorded a Claim of Lien against the commercial property and initiated a circuit court action against plaintiff for the balance owed. That action was dismissed on plaintiff's motion for summary disposition based on the arbitration clause.

Defendant then filed a demand for arbitration in the circuit court. At arbitration, plaintiff presented a counter claim and alleged that defendant had abandoned the contract, leaving significant portions of the commercial building uncompleted, and further, refused to return to complete the work or perform corrective work. Each party hired experts to generate reports listing the costs to perform repairs and complete the work on the building. Moreover, the arbitrator enlisted contractors to inspect roofing and HVAC work and provide bids to do the work.

On December 1, 2016, the arbitrator issued an arbitration award in favor of plaintiff in the amount of $358,830, plus an additional $3,750 in arbitration fees. Plaintiff filed a complaint in the circuit court, and subsequently moved for confirmation of the arbitration award and a

judgment for the amount awarded. Defendant responded with a motion to vacate the arbitration award on the basis that the arbitrator had "exceeded her powers". The trial court denied defendant's motion and granted plaintiff's motion, entering a judgment on plaintiff's behalf. Defendant then filed a motion for reconsideration, which the trial court also denied. This appeal followed.

## II. MOTION TO VACATE

On appeal, defendant first argues that the trial court erred by denying its motion to vacate the arbitration award. We disagree.

"A trial court's decision to enforce, vacate, or modify an [arbitration] award is reviewed de novo." *Nordlund & Assoc, Inc v Hesperia*, 288 Mich App 222, 226; 792 NW2d 59 (2010). In doing so, "we review the legal issues presented without extending any deference to the trial court." *Washington v Washington,* 283 Mich App 667, 672; 770 NW2d 908 (2009). "Whether an arbitrator exceeded his or her authority is also reviewed de novo." *Id.*

"Judicial review of arbitration awards is limited." *Konal v Forlini*, 235 Mich App 69, 74; 596 NW2d 630 (1990). "A court may not review an arbitrator's factual findings or decision on the merits[,]" may not second guess the arbitrator's interpretation of the parties' contract, and may not "substitute its judgment for that of the arbitrator." *City of Ann Arbor v American Federation of State, Co & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). Instead, the reviewing court's inquiry is limited to "whether the award was beyond the contractual authority of the arbitrator." *Id.* "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed serious error." *Id.* (quotation marks and citation omitted).

Defendant argues that the trial court erred in failing to vacate the arbitrator's award because the arbitrator exceeded her power. Under MCL 691.1703(1), an arbitration award must be vacated if an arbitrator has exceeded his or her powers. An arbitrator exceeds his or her powers when he or she makes a material error of law that substantially affects the outcome of the arbitration. This Court has previously articulated that:

> In order for a court to vacate an arbitrator award because of an error of law, the error must have been so substantial that, but for the error, the award would have been substantially different. Any such error must be readily apparent on the face of the award without second-guessing the arbitrator's thought processes, and the arbitrator's findings of fact are immune from review altogether. [*Eppel v Eppel*, 322 Mich App 562, 563-65; 912 NW2d 584 (2018) (quotation marks and citations omitted).]

Defendant claims that the trial court erred in failing to vacate the arbitration award because the arbitrator ignored the plain and unambiguous terms of the parties' contract, returned an award contrary to the form required by the parties' contract, and relied on an unqualified

expert's testimony. However, in order for defendant to prevail, this Court would be required to review the parties' contract side by side with the arbitrator's findings regarding the contract, arbitration testimony regarding what was requested by the parties, the credentials of an expert witness, and all other remaining evidence in the record. This would amount to second guessing the arbitrator's findings of act, which are immune from review. *Eppel*, 322 Mich App at 563-65. Even if we were convinced that a serious error had been made by the arbitrator, this Court may not overturn an award based on such an error. *AFSCME*, 284 Mich App at 144. Because we cannot review the merits of the arbitrator's decision, and defendant has failed to establish any error of law apparent from the face of the arbitration award, defendant's arguments must fail.

### III. MOTION FOR RECONSIDERATION

Defendant also argues on appeal that the trial court erred by denying its motion for reconsideration. Again, we disagree.

In its motion for reconsideration, defendant argued for the first time that the arbitrator had exceeded her authority by failing to comply with the form requirements under the Construction Industry Arbitration Rules. Issues presented for the first time in a motion for reconsideration are not preserved. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Accordingly, defendant's unpreserved claim is reviewed for plain error. *Kern v Blethen–Coluni,* 240 Mich App 333, 336; 612 NW2d 838 (2000). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* (citation and quotation marks omitted).

MCR 2.119(F)(3), which governs a motion for reconsideration, provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

A "palpable error" is defined as "[e]asily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest." *Luckow v Luckow*, 291 Mich App 417, 426; 805 NW2nd 453 (2011).

Defendant raised the argument that the arbitrator had exceeded her authority by failing to comply with the form requirements under the Construction Industry Arbitration Rules for the first time in its motion for reconsideration. Defendant's new argument could have been raised in defendant's original motion and defendant otherwise failed to demonstrate palpable error. Therefore it was not plain error for the trial court to deny defendant's motion for reconsideration.

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens