*In re* INVESTIGATIVE SUBPOENA *re* HOMICIDE OF
LANCE C MORTON

Docket No. 247929. Submitted September 3, 2003, at Detroit. Decided September 18, 2003, at 9:00 A.M. Leave to appeal sought.

The Wayne County Prosecuting Attorney petitioned the Wayne Circuit Court, Sean F. Cox, J., for authorization to issue an investigative subpoena that would require Garden City and the city's police chief to turn over police reports and statements of three city police officers regarding a homicide. The court authorized the subpoena. The city objected, alleging that production of the officers' statements would violate the officers' right under the Fifth Amendment and Fourteenth Amendment to be free from self-incrimination. The trial court upheld the subpoena. The city appealed.

The Court of Appeals *held*:

1. The city lacks standing to raise the self-incrimination issue. The right against self-incrimination is personal to each declaring officer.

2. The Fifth Amendment has no application to this matter because the matter deals only with the production of the statements, and not their potential improper use in a criminal proceeding against the officers.

3. The public policy behind the Freedom of Information Act, MCL 15.231 *et seq.*, would not be advanced by preventing enforcement of the subpoena.

Affirmed.

· *Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, and *Timothy A. Baughman*, Chief of Research, Training, and Appeals, for the petitioner.

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Owen J. Cummings* and *Gail P. Massad*), for the respondent.

Amicus Curiae:

*Mark A. Porter* for the Michigan State Police Troopers Association.

Before: O'CONNELL, P.J., and JANSEN and FORT HOOD, JJ.

O'CONNELL, P.J. Respondent Garden City appeals as of right the trial court's order requiring it to produce *Garrity*[1] statements three of its police officers made regarding the shooting death of Lance C. Morton. We affirm.[2]

This case arose when the Wayne County Prosecuting Attorney requested authorization to issue an investigative subpoena that would require Garden City's police chief to turn over police reports and statements he possessed regarding Morton's homicide. The trial court authorized the subpoena, but Garden City's police chief objected to it under MCL 767A.6, arguing that producing the statements would violate the police officers' right to be free from self-incrimination under the Fifth Amendment and the Fourteenth Amendment. The trial court upheld the subpoena, ruling that the statements fell within the subpoena's ambit and that Garden City failed to demonstrate that the subpoena was not "appropriate." MCL 767A.6(4).

---

[1] *Garrity v New Jersey*, 385 US 493; 87 S Ct 616; 17 L Ed 2d 562 (1967).

[2] Petitioner, the people of the state of Michigan, argues that we lack jurisdiction in this case because the trial court's order to comply with the subpoena was not a final order. See *In re; Grand Jury Matter Impounded*, 703 F2d 56, 58 (CA 3, 1983). Rather than address the merits of this issue, we treat respondent's claim of appeal as an application for leave to appeal and grant it. MCR 7.205(D)(2); *Oakland Co Prosecutor v Forty-Sixth Dist Judge*, 72 Mich App 564, 567; 250 NW2d 127 (1976).

On appeal, Garden City again argues that the Fifth Amendment and the Fourteenth Amendment preclude it from producing the police officers' statements and reports. We disagree. We review de novo issues of constitutional law. *People v Mackle*, 241 Mich App 583, 602; 617 NW2d 339 (2000).

Garden City lacks standing to invoke its officers' Fifth Amendment rights, because those rights are personal to the declaring officers. *People v Safiedine*, 152 Mich App 208, 212; 394 NW2d 22 (1986). Because the officers did not intervene in the action and the police chief does not assert the right on his own behalf, Garden City and its police chief hold an unprivileged position as mere possessors of the documents. *Couch v United States*, 409 US 322, 335-336; 93 S Ct 611; 34 L Ed 2d 548 (1973).

Furthermore, each officer who made a statement under threat of discipline automatically received immunity from the use of the statement in any subsequent criminal prosecution against the officer, so Garden City fails to show how the statements could incriminate the officers in violation of the Fifth Amendment. *Garrity, supra* at 500; *In re Leon Jenkins*, 437 Mich 15, 26; 465 NW2d 317 (1991). While Garden City correctly argues that the police officers could have refused to answer incriminating questions in an investigative proceeding, Garden City mistakes this right for one that would allow the officers to determine which investigative arm of the state could view statements they already delivered to governmental authorities. Because this case deals only with the production of the statements and not their improper use in a criminal proceeding against the officers, the Fifth Amendment has no application here. See *Gard-*

*ner v Broderick*, 392 US 273, 278; 88 S Ct 1913; 20 L Ed 2d 1082 (1968). It follows that Garden City misplaces its reliance on the privilege exception to civil discovery found in MCR 2.302(B)(1).

Garden City also argues, however, that the public policy behind the Freedom of Information Act, MCL 15.231 *et seq.*, should prevent the enforcement of the subpoena, because the act expressly excludes public disclosure of "personnel records of law enforcement agencies." MCL 15.243(1)(s)(ix); *Sutton v Oak Park*, 251 Mich App 345, 349; 650 NW2d 404 (2002). We disagree. We would not advance the act's public policy by misapplying it to a situation where one governmental entity charged with enforcing the law withholds information from another governmental entity with the same role.

Affirmed.