*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIRK CHARLES HERALD,

        Plaintiff/Counterdefendant-
        Appellant,

v

LAURIE MARIE ROZEK,

        Defendant/Counterplaintiff-
        Appellee.

UNPUBLISHED
March 26, 2019

No. 343361
Ingham Circuit Court
Family Division
LC No. 15-000985-DM

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right[1] the trial court's order dismissing his motion to enforce provisions of the parties' judgment of divorce and to modify parenting time. Plaintiff claims that the trial court clearly erred when it dismissed his motion without holding an evidentiary hearing and that the trial court relied on an incorrect standard when it found that defendant did not engage in parental alienation. We decline to address plaintiff's parental alienation claim because he has offered only cursory treatment of this claim and we thus treat it as abandoned. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004) (citation omitted). An appellant may not

---

[1] In her brief on appeal, defendant asserts that plaintiff's appeal was not properly filed as an appeal of right because the order appealed is not an "order affecting the custody of a minor" within the meaning of MCR 7.202(6)(a)(iii) as it provided at the time plaintiff's appeal was filed (see Administrative Order No. 2017-20, 503 Mich ___, ___ (2018), amending MCR 7.202(6)(a)(iii) effective January 1, 2019). We note that defendant has not brought a motion to dismiss this appeal for lack of jurisdiction. Further, even if we were to conclude that the trial court's denial of plaintiff's motion to modify parenting time was not appealable as of right, we would nonetheless consider the merits of plaintiff's appeal as on leave granted in the interest of judicial economy. *Rains v Rains*, 301 Mich App 313, 323; 836 NW2d 709 (2013); See also *In re Investigative Subpoena*, 258 Mich App 507, 508 n 2; 671 NW2d 570 (2003).

offer "only cursory treatment [of a claim] with little or no citation of supporting authority." *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) (citation omitted).

We also decline to address plaintiff's claim concerning that part of his motion addressing the modification of parenting time. Plaintiff moved to enforce the judgment of divorce and to modify parenting time immediately after the trial court ordered the 50/50 parenting-time provision struck from the judgment of divorce. In his motion, plaintiff sought equal (50/50) parenting time. Plaintiff appealed the trial court's order striking the equal parenting-time provision, and on September 11, 2018, this Court reversed the trial court's order. *Herald v Rozek*, unpublished per curiam opinion of the Court of Appeals, issued September 11, 2018 (Docket No. 339530). Plaintiff's appeal of that decision was pending when he filed his claim of appeal in the current matter. The ultimate relief that plaintiff currently seeks is equal parenting time, which this court effectively imposed in Docket No. 339530 when it concluded that the trial court's order striking the 50/50 parenting-time provision was itself an improper modification of parenting time. The Supreme Court denied leave to appeal this Court's September 11, 2018 opinion. *Herald v Rozek*, __Mich __; __NW2d__ (2019). The present issue is thus moot. An issue is moot if it presents only an abstract legal question that can have no practical legal effect on the case. *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010), amended 784 NW2d 204 (2010). This Court "will not decide moot issues." *Id*.

Dismissed as moot.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford