*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY ZALEWSKI,

      Plaintiff-Appellee,

v

BENJAMIN HOMANT,

      Defendant-Appellant.

UNPUBLISHED
February 1, 2022

Nos. 354218; 354561
Kent Circuit Court
LC No. 2018-009442-DO

Before: CAMERON, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

In Docket No. 354218, defendant Benjamin Homant appeals the trial court's May 22, 2020 order confirming an arbitration award.[1] In Docket No. 354561, defendant appeals the trial court's July 29, 2020 order granting plaintiff Kimberly Zalewski attorney fees. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

In October 2018, plaintiff filed a complaint for divorce. The parties ultimately reached a settlement agreement regarding the division of the marital estate, which included multiple parcels of real estate. The trial court entered a consent judgment of divorce in June 2019. In relevant part, the consent judgment required defendant to transfer two parcels of real estate to plaintiff within 10 days of the entry of the judgment. Defendant was awarded the former marital home, but the parties

---

[1] Plaintiff argues that defendant's appeal of right from the May 22, 2020 order was not timely filed. Rather than address the merits of this argument, we will treat defendant's claim of appeal as an application for leave to appeal and grant it. See *In re Morton*, 258 Mich App 507, 508 n 2; 671 NW2d 570 (2003).

agreed that plaintiff would be permitted to rent it. Specifically, the consent judgment provided as follows:

> The parties agree to execute a lease . . ., which allows Plaintiff to rent from Defendant the former marital home . . . until September 30, 2019. Rent shall not exceed the cost of the monthly mortgage payment for the property and the lease may be terminated earlier by the Plaintiff in her sole discretion.

The parties were required to pay "[a]ny outstanding fees, taxes, utilities, or other assessments on any marital property awarded" to them, and the parties agreed that they would reach an agreement as to the division of personal property. Although the consent judgment operated as a release of any future claims, the parties agreed that the release would "not apply to assets" that were "concealed or the value of which ha[d] been misrepresented."

The parties did not execute a lease agreement with respect to the former marital home. Plaintiff nonetheless moved into the home in June 2019, at which point she learned that the HVAC unit was not operating properly. Plaintiff paid $1,191 to have it repaired. Plaintiff moved out of the marital home in July 2019 after the parties had an altercation and after defendant commenced eviction proceedings.

In August 2019, defendant moved the trial court to enforce the consent judgment, arguing that plaintiff owed $1,265.27 in unpaid rent and utilities for the month of July 2019. Defendant also alleged that plaintiff had "unilaterally removed all marital property except a couch and mattress from the former marital home to an unknown location." Defendant argued that this violated the consent judgment and requested that the trial court order plaintiff to return the property. Plaintiff filed her own motion to enforce the consent judgment and requested that she be reimbursed for certain expenses. Specifically, plaintiff alleged that defendant had failed to disclose that $2,475.60 in outstanding debt remained on the two parcels of real property that were awarded to her in the settlement. According to plaintiff, she could not have been aware of this debt until the property was transferred to her. Plaintiff also requested that the trial court order defendant to pay her $1,191 for the repair of the HVAC unit.

The parties agreed to "submit their post judgment of divorce issues . . . to binding arbitration." The arbitrator issued an award after holding an evidentiary hearing. In relevant part, defendant was required to pay plaintiff a "net sum of $7,394.44[.]" This amount included $4,000 in attorney fees, which the arbitrator ordered as a result of her finding that defendant had "unnecessarily increased the cost and duration of th[e] litigation" by making false arguments and by intentionally failing to comply with the consent judgment.

Defendant moved the trial court to vacate the arbitration award, arguing that the arbitrator had exceeded her authority and contravened controlling law. Plaintiff opposed the motion. The trial court dispensed with oral argument and denied defendant's motion.[2] Plaintiff then moved for

---

[2] Defendant notes on appeal that the trial court did not hold oral argument on his motion to vacate. However, trial courts are permitted to dispense with oral argument under MCR 2.119(E)(3).

attorney fees in the amount of $3,125 under MCR 1.109(E). After hearing oral argument, the trial court granted plaintiff's motion in part and awarded plaintiff $1,000 in attorney fees under MCR 1.109(E).[3] These appeals followed.

## II. ARBITRATION

Defendant argues that the trial court erred in refusing to vacate the arbitration award. We disagree.

### A. STANDARDS OF REVIEW

"In general, courts have a limited role in reviewing arbitration awards. This Court reviews de novo a circuit court's decision whether to vacate an arbitration award." *TSP Servs, Inc v Nat'l-Std, LLC*, 329 Mich App 615, 619-620; 944 NW2d 148 (2019). "In addition, this Court also reviews de novo issues of law involving statutory construction, as well as the proper interpretation and application of a court rule[.]" *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 532; 866 NW2d 817 (2014) (citations omitted).[4]

### B. GENERAL LAW

"Judicial review of an arbitrator's decision is narrowly circumscribed." *Ann Arbor v AFSCME Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). Such limited judicial review "certainly is the case with respect to domestic relations arbitration awards." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). "[A]rbitration in domestic relations matters," like this one, is "provide[d] for and govern[ed] by" statute. MCL 600.5070(1). See also *Cipriano v Cipriano*, 289 Mich App 361, 367; 808 NW2d 230 (2010) (stating that "[d]omestic-relations arbitration is governed by the specific statutory scheme set forth in the domestic relations arbitration act (DRAA)"), citing MCL 600.5070 *et seq*. Nevertheless, "[a]rbitration proceedings . . . are also governed by court rule except to the extent those provisions are modified by the arbitration agreement or [the DRAA]." MCL 600.5070(1).

---

[3] Although the trial court did not reference MCR 1.109 in its ruling from the bench, the July 29, 2020 order provided that attorney fees were being awarded under MCR 1.109.

[4] Defendant complains that the trial court failed to rationalize the basis for its decision to deny his motion to vacate the arbitration award. Defendant argues that this Court should remand the matter to the trial court "for further consideration." Because the standard of review is de novo, we fail to see why it would be necessary to remand the matter to the trial court so that it can offer a basis for its decision to deny defendant's motion. Moreover, for the reasons discussed in detail below, we conclude that the trial court's decision to deny the motion was not erroneous.

MCR 3.602(J)[5] provides specific circumstances for when a trial court is permitted to vacate an arbitration award:

> (2) On a motion of a party, the court shall vacate an award if:
>
> (a) the award was procured by corruption, fraud, or other undue means;
>
> (b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;
>
> (c) the arbitrator exceeded his or her powers; or
>
> (d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

## C. APPLICABLE LAW AND ANALYSIS

Defendant argues on appeal that the trial court erred in refusing to vacate the arbitration award because the arbitrator exceeded her authority and committed a clear error of law by effectively rewriting the consent judgment. MCL 600.5801(2)(c) relates to whether "[t]he arbitrator exceeded his or her powers."

> [MCL 600.5801(2)(c)] is the codification of a phrase used for many years in common-law and statutory arbitrations. Indeed, our Court has repeatedly stated that arbitrators have exceeded their powers whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law. Pursuant to MCL 600.5081(2)(c), then, a party seeking to prove that a domestic relations arbitrator exceeded his or her authority must show that the arbitrator either (1) acted beyond the material terms of the arbitration agreement or (2) acted contrary to controlling law. [*Washington*, 283 Mich App at 672 (quotation marks and citations omitted).]

As to whether an arbitrator acts outside the terms of the agreement, "this Court has consistently held that arbitration is a matter of contract and that the arbitration agreement is the agreement that dictates the authority of the arbitrators." *Cipriano*, 289 Mich App at 376. With respect to whether an arbitrator acts contrary to controlling law, we have held that "[i]n order for a court to vacate an arbitration award because of an error of law, the error must have been so substantial that, but for the error, the award would have been substantially different." *Id*. at 368. Furthermore, "any error of law must be discernible on the face of the award itself[.]" *Washington*,

---

[5] The language in MCR 3.602(J)(2) is substantively identical to the language used in MCL 600.5081(2), which discusses vacating arbitration awards.

283 Mich App at 672 (citation omitted). "By on its face we mean that only a legal error that is evident without scrutiny of intermediate mental indicia, will suffice to overturn an arbitration award." *Id*. (quotation marks and citation omitted). In other words, "[c]ourts will not engage in a review of an arbitrator's mental path leading to [the] award." *Id*. (quotation marks and citations omitted; alteration in original).

While the caselaw above provides grounds on which a trial court *can* vacate an arbitration award, there are also grounds on which a trial court *cannot* do so. When the arbitration involves interpretation or construction of an underlying contract, "only the arbitrator can interpret the contract." *Brucker v McKinlay Transp, Inc*, 454 Mich 8, 15; 557 NW2d 536 (1997); see also *Konal v Forlini*, 235 Mich App 69, 74; 596 NW2d 630 (1999) ("Courts may not engage in contract interpretation, which is a question for the arbitrator."). Furthermore, a reviewing "court may not review an arbitrator's factual findings[.]" *TSP Servs*, 329 Mich App at 620 (quotation marks and citation omitted). Indeed, "even if the [arbitration] award was against the great weight of evidence or was not supported by substantial evidence, this Court would be precluded from vacating the award." *Fette v Peters Constr Co*, 310 Mich App 535, 544-545; 871 NW2d 877 (2015).

This Court has stated, "[i]t is simply outside the province of the courts to engage in a fact-intensive review of how an arbitrator calculated values, and whether the evidence he [or she] relied on was the most reliable or credible evidence presented." *Washington*, 283 Mich App at 675. Moreover, and importantly, although a reviewing court is permitted to consider whether an arbitrator acted contrary to controlling law, a reviewing court is not permitted to review the legal merits of an arbitrator's decision. Considering that distinction, "once we have recognized that the arbitrator utilized controlling law, we cannot review the legal soundness of the arbitrator's application of Michigan law." *Washington*, 283 Mich App at 674. Consequently, "an allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrator's decision." *Id*. at 675 (quotation marks and citation omitted).

## 1. ARBITRATOR'S AUTHORITY TO ORDER DEFENDANT TO PAY PLAINTIFF $2,500 IN RELATION TO THE REAL PROPERTY AWARDED TO PLAINTIFF

Defendant first argues that the arbitrator did not have authority to consider whether defendant failed to disclose certain debts relating to the real property that was awarded to plaintiff in the property settlement. To determine whether the arbitrator had authority to consider this issue, we must turn to the arbitration agreement. "Because arbitration is a matter of contract, when interpreting an arbitration agreement, we apply the same legal principles that govern contract interpretation[.]" *Lichon v Morse*, 507 Mich 424, 427; ___ NW2d ___ (2021) (alteration, quotation marks, and citations omitted). "Our goal in interpreting a contract is to ascertain the intent of the parties at the time they entered into the agreement." *Id*.

As relevant to this issue, the arbitration agreement broadly granted the arbitrator the authority to decide the "post judgment of divorce issues" that were pending before the trial court, i.e., the issues presented in the parties' motions to enforce the consent judgment. Plaintiff argued in her motion to enforce the consent judgment that defendant had failed to disclose that $2,475.60 of debt remained on the real property that was awarded to her. It is clear that the arbitrator considered the post-judgment motions given that she indicated that "[t]he issues to be addressed

[in arbitration] were the issues raised in prior post Judgment motions[.]" Consequently, defendant's argument that the arbitrator exceeded her authority by violating the terms of the arbitration agreement is without merit.

Defendant also argues that the arbitrator exceeded her authority by making decisions "in contravention of controlling law" concerning contract interpretation. According to defendant, the arbitrator effectively rewrote the consent judgment by "shifting certain debts onto [defendant] for [plaintiff's] real property." "[A] divorce judgment entered by consent is in the nature of a contract[.]" *MacInnes v MacInnes*, 260 Mich App 280, 289; 677 NW2d 889 (2004). Michigan caselaw with respect to contract interpretation provides that the "obligation is to determine the intent of the contracting parties," and "the intent of the parties will be enforced unless it is contrary to public policy." *Barshaw v Allegheny Performance Plastics, LLC*, 334 Mich App 741, 748; 965 NW2d 729 (2020) (quotation marks and citation omitted). The intent of the parties is determined by the unambiguous language of the contract. *Id*.

In this case, when determining whether defendant was required to pay plaintiff for "[a]ny outstanding fees, taxes, utilities, or other assessments on any marital property awarded to Plaintiff," the arbitrator repeatedly referenced the consent judgment. In relevant part, the arbitrator noted that the consent judgment provided that the parties had made "full disclosures," and the arbitrator found that defendant had failed to disclose certain "debts" relating to the real property that was transferred to plaintiff. The arbitrator also found that defendant's failure to disclose this debt was "an intentional act," as opposed to "an oversight." Thus, considering the arbitrator's repeated references to the consent judgment and express consideration of the terms used in the consent judgment, we conclude that there is nothing on the face of the award to suggest that the arbitrator made a clear error of law.

A close examination of defendant's arguments on appeal make it clear that defendant is actually arguing that the arbitrator erred in interpreting the consent judgment. Indeed, defendant focuses on the language used in the consent judgment. However, as this Court has previously held, "once we have recognized that the arbitrator utilized controlling law, we cannot review the legal soundness of the arbitrator's application of Michigan law." *Washington*, 283 Mich App at 674. Stated differently, because the arbitrator considered controlling Michigan law regarding the interpretation of a contract, the trial court and this Court are not permitted to review whether the arbitrator actually applied the law correctly, see *id.*, because this would amount to an analysis of the arbitrator's decision on the merits, see *TSP Servs*, 329 Mich App at 620 ("A court may not review an arbitrator's factual findings or decision on the merits.") (Quotation marks and citation omitted.) This Court and our Supreme Court have stated, "[c]ourts may not engage in contract interpretation, which is a question for the arbitrator." *Konal*, 235 Mich App at 74, citing *Brucker*, 454 Mich at 17-18. To grant defendant the relief he seeks, we would be required to substitute our judgment for that of the arbitrator regarding the proper interpretation of the consent judgment. This is simply not allowed under applicable law: "[C]ourts may not substitute their judgment for that of the arbitrator['s.]" *Washington*, 283 Mich App at 675 (quotation marks and citation omitted).

## 2. ARBITRATOR'S AUTHORITY TO DIVIDE THE PARTIES' PERSONAL PROPERTY

Defendant next argues that the arbitrator lacked authority to divide the parties' personal property because the consent judgment provided that "any remaining personal property disputes" would be resolved at the Kent County Alternative Dispute Resolution Center. In so arguing, however, defendant fails to explain or rationalize what personal property disputes were improperly decided by the arbitrator. To the extent that defendant is referring to the household items, defendant argued in his post-judgment motion that plaintiff had "unilaterally removed all marital property except a couch and mattress from the former marital home to an unknown location." Defendant argued that this violated the consent judgment and requested that the trial court order plaintiff to return the property. Consequently, because the issue was raised in defendant's post-judgment motion, the arbitrator had authority under the arbitration agreement to consider the division of this personal property. Indeed, the record establishes that defendant submitted evidence at arbitration to support that plaintiff was withholding certain personal property. Thus, defendant's argument must fail. See *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011) (a party "may not assign as error on appeal something that [he or she] deemed proper in the lower court because allowing [him or her] to do so would permit [them] to harbor error as an appellate parachute").

## 3. ARBITRATOR'S AUTHORITY TO AWARD PLAINTIFF AN "OFFSET" FROM THE JULY 2019 RENT

Defendant next argues that the arbitrator "ignored the unambiguous language of the Consent Judgment by illicitly granting" plaintiff a $750 "offset" for the July 2019 rent that she owed defendant. However, it is clear that the arbitrator considered the consent judgment when deciding whether defendant was entitled to the $1,265.97 that he argued "was owed under the unsigned lease." Indeed, the arbitrator indicated that the parties agreed that they would execute a lease, which would permit plaintiff to rent the former marital home from defendant until September 30, 2019. The arbitrator noted that the parties agreed that the rent would "not exceed the cost of the monthly mortgage payment" and that plaintiff had discretion to terminate the lease at an earlier date. The arbitrator also noted that a lease was never executed and found that plaintiff "voluntarily vacated the premises on July 27, 2019." The arbitrator then found that defendant had failed to provide evidence to support that he was entitled to $1,265.97, that plaintiff's evidence supported that the monthly mortgage payment was $1,047, and that defendant had "received $750 from a sub-tenant in the home for the month of July, 2019." Based on this, the arbitrator concluded that plaintiff owed defendant $297 for July's rent. Given the arbitrator's repeated references to the consent judgment, we conclude that there is nothing on the face of the award to suggest that the arbitrator made a clear error of law.[6]

---

[6] To the extent that defendant argues that the arbitrator improperly interpreted the consent judgment, we are not permitted to "engage in contract interpretation, which is a question for the arbitrator." *Konal*, 235 Mich App at 74, citing *Brucker*, 454 Mich at 17-18.

## 4. ARBITRATOR'S AUTHORITY TO AWARD PLAINTIFF MONEY FOR REPAIRS TO THE HVAC UNIT

Defendant next argues that the arbitrator improperly determined that plaintiff "should be compensated $1,191.00 for repairs she performed" on the HVAC unit that was located in the former marital home. Although defendant is correct that the consent judgment did not provide that plaintiff would be reimbursed for repairs that she made on the former marital home while she was a tenant, the fact of the matter remains that plaintiff requested that she be reimbursed for this amount in her post-judgment motion. Because the parties agreed that the issues raised in the post-judgment motions would be resolved in arbitration, the arbitrator had authority to determine whether plaintiff was entitled to be reimbursed for the $1,191 repair.

Additionally, we disagree with defendant that the arbitrator failed to apply relevant Michigan law when determining that plaintiff was entitled to $1,191. Indeed, the arbitrator noted that defendant was awarded the former marital home and that plaintiff was no longer living at that property. Based on this, the arbitrator concluded that defendant was "receiving the benefit from th[e] repair" and that he therefore owed plaintiff $1,191. This conclusion is consistent with principles of equity, see *Karaus v Bank of New York Mellon*, 300 Mich App 9, 23; 831 NW2d 897 (2012) (outlining the elements of unjust enrichment), and we are not permitted to review whether the arbitrator actually applied the law correctly, see *Washington*, 283 Mich App at 674. Consequently, we conclude that there is nothing on the face of that award to suggest that the arbitrator made a clear error of law.

## 5. ARBITRATOR'S AUTHORITY TO AWARD ATTORNEY FEES

Defendant next argues that the trial court should have vacated the arbitration award because the arbitrator improperly awarded attorney fees to plaintiff. Specifically, defendant notes that the consent judgment provided that, "[e]ach party is responsible for their own attorneys' fees." However, the arbitration agreement broadly provided the arbitrator with authority to decide "[a]ll issues" concerning "attorney fees." Indeed, both parties requested attorney fees. Although defendant argues that the arbitrator failed to "follow the standards set forth in Michigan law," we disagree. The arbitrator specifically referenced MCR 1.109(E)'s language and made factual findings to support its decision to award attorney fees to plaintiff. Because the arbitrator considered controlling Michigan authority, the trial court and this Court are not permitted to review whether the arbitrator actually applied the law correctly. See *Washington*, 283 Mich App at 674. Consequently, the trial court did not err by declining to vacate the arbitrator's attorney fee award.

## 6. CONCLUSION

We conclude that the trial court did not err by denying defendant's motion to vacate the arbitration award. Defendant's arguments regarding the arbitrator purportedly exceeding her authority were "a ruse to induce the court to review the merits of the arbitrator[']s decision." The trial court properly refused to do so. See *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991).

## III. THE TRIAL COURT'S AWARD OF ATTORNEY FEES

Defendant next argues that the trial court improperly awarded plaintiff $1,000 in attorney fees. We disagree.

## A. STANDARDS OF REVIEW

"This Court reviews for a clear error a trial court's decision regarding sanctions based on frivolous pleadings or claims." *Home-Owners Ins Co v Andriacchi*, 320 Mich App 52, 75; 903 NW2d 197 (2017). "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 652; 662 NW2d 424 (2003).

## B. ANALYSIS

The purpose of sanctions in the court rules "is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *FMB-First Mich Bank v Bailey*, 232 Mich App 711, 722-723; 591 NW2d 676 (1998). As relevant to this appeal, MCR 1.109(E) provides, in relevant part, the following:

> (5) *Effect of Signature*. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (6) *Sanctions for Violation*. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

When ruling on plaintiff's motion for sanctions under MCR 1.109(E), the trial court stated as follows:

> As far as sanctions and attorney fees and that sort of thing are concerned, I am convinced that there should be some. But I don't—I'm not convinced that it

should be thirty-one twenty-five. We're going to order attorney fees as $1,000 to be paid within 30 days or it's a money judgment.

The—I'm not going to sanction the attorneys however. It goes to [defendant]. Attorney fees [are] $1,000 within 30 days or a money judgment.

The basic reason for any attorney fees or call it sanctions, call it whatever you want for this, is that I am convinced that the arbitrator was asked to . . . do [the] very things, such as deal with property, such as deal with attorney fees in your arbitration documents. That's what you asked the person to do. And then turned around and said no, that's not right. So therefore, [the arbitrator went] . . . beyond [her] authority.

I don't believe it's beyond [the arbitrator's] authority if you're the one that asked for it to start with. And therefore, this has no basis.

Thus, the trial court found that defendant's argument that the arbitrator exceeded her authority "ha[d] no basis" given that defendant agreed to have the arbitrator address certain issues. For the reasons already discussed, the trial court's findings were not clearly erroneous. Indeed, there was no basis in law or fact for vacating the arbitration award given that defendant agreed to arbitrate the outstanding post-judgment issues and agreed that the arbitrator could resolve "[a]ll issues" concerning attorney fees. Defendant's arguments regarding the arbitrator purportedly exceeding her authority were "a ruse to induce the court to review the merits of the arbitrator[']s decision," which is not permitted under existing law. See *Gordon Sel-Way*, 438 Mich at 497.

Nonetheless, we must vacate the July 29, 2020 order because the trial court failed to make findings to support that the motion to vacate the arbitration award was filed "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]" Because this Court employs "the deferential 'clearly erroneous' standard to [a] trial court's determination whether [a pleading is] frivolous, the trial court's failure to articulate a clear basis for its decision makes it impossible to ascertain whether the trial court clearly erred[.]" See *Home-Owners Ins Co*, 320 Mich App at 79. We therefore remand for appropriate findings or so that the trial court can reconsider its decision to sanction defendant if the court deems it necessary to do so.

## IV. CONCLUSION

We affirm the trial court's May 22, 2020 order, vacate the trial court's July 29, 2020 order, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

-10-